**Douglas Murray WATTS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 66582.**

Court of Criminal Appeals of Texas, Panel No. 2.

Feb. 16, 1983.

Paul R. Sorenson, Fort Worth (court appointed on appeal), for appellant.

Tim Curry, Dist. Atty. and C. Chris Marshall, Paul Connor and James J. Heinemann, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before W.C. DAVIS and CLINTON, JJ.

OPINION

W.C. DAVIS, Judge.

This is an appeal from an order revoking probation. On November 19, 1976, appellant entered a plea of guilty to the offense of credit card abuse. Punishment was assessed at five years imprisonment; however, the imposition of the sentence was suspended and appellant was placed on probation. On June 5, 1980, an order was entered revoking appellant's probation, and sentence was imposed.

In his first ground of error, appellant contends that the indictment underlying the conviction for credit card abuse is fundamentally defective. The indictment alleged, in part, that appellant:

"then and there with intent to fraudulently obtain automobile repair service from A.I. Graves, did present a Montgomery Ward credit card with knowledge that the card had not been issued to the said Douglas Murray Watts, and that said card was not used with the effective consent of the cardholder, Carol Ann Blennert. . . ."

V.T.C.A. Penal Code, Sec. 32.31, defines the offense of credit card abuse, and states in pertinent part that:

"(b) A person commits an offense if:

"(1) with intent to obtain property or service fraudulently, he presents or uses a credit card with knowledge that:

"(A) the card, whether or not expired, has not been issued to him and is not used with the effective consent of the cardholder;"

Appellant maintains that the instant indictment is defective in that it failed to properly allege the requirement that appellant used the credit card with knowledge that it was used without the effective consent of the cardholder. We disagree.

In *Ex Parte Kimberlin,* 594 S.W.2d 438 (Tex.Cr.App.1980), we dealt with a very similar indictment, to which the petitioner made a very similar argument. The indictment alleged, in pertinent part, that on or about the 28th day of September, 1978, the petitioner did:

"then and there intentionally and knowingly, with intent to fraudulently obtain service, to-wit: automobile rental service from Dianne Kessler, present a Master Charge Credit Card, with the knowledge that the card had not been issued to him the said defendant, and that said card was not used with the effective consent of the cardholder, Ceclia E. Porier...."

In granting the State's Motion for Rehearing and denying the petitioner's relief, we held the allegations in the indictment sufficient "because the allegation 'with knowledge' relates to the allegation that the card had not been issued to the petitioner and also relates to the allegation that followed that the card was not used with the effective consent of the cardholder."

We find the holding in *Kimberlin,* supra, controlling in the case at bar. The allegation of "with knowledge..." also relates to the allegation that the card "was not used with the effective consent of the cardholder." The indictment is sufficient, and appellant's first ground of error is overruled.

■ Appellant next argues that the trial court erred in entering a cumulative sentence order based on insufficient and indefi-

nite recitals. See *Ex Parte March,* 423 S.W.2d 916 (Tex.Cr.App.1968). The record before us shows that the trial judge made the following statement in open court:

"THE COURT: And the said Douglas Murray Watts, having in the Criminal District Court Number Two of Dallas County, Texas, in Cause No. F–78–9196–I been duly and legally convicted of the offense of theft, and his punishment therefore having been assessed and adjudged to confinement in the penitentiary for seven years, and he having on the 17th day of December, 1979, by said Court been sentenced in accordance with said conviction, it is further Ordered and Adjudged that the punishment herein adjudged against the said Defendant, Douglas Murray Watts, shall begin when the judgment and sentence in said Cause No. F–78–9196–I shall have ceased to operate."

In addition, the recitations in the Sentence After Revocation of Probation, stated:

"Cumulation: Cause No. F–789196I in the Criminal District Court Number 2 of Dallas County, Texas; Offense: Theft $200—$10,000; Term of Years Seven (7); Date of Sentence: December 17, 1979."

In *Ward v. State,* 523 S.W.2d 681 (Tex.Cr.App.1975), we recommended that cumulation orders contain:

(1) the trial court number of the prior conviction;

(2) the correct name of the court where the prior conviction was taken;

(3) the date of the prior conviction;

(4) the term of years of the prior conviction; and

(5) the nature of the prior conviction.

We find the cumulation order in the instant case sufficient. See also *Hamm v. State,* 513 S.W.2d 85 (Tex.Cr.App.1974); *Ex Parte Collier,* 156 Tex.Cr.R. 377, 243 S.W.2d 177 (Tex.Cr.App.1951). Appellant's ground of error is overruled.

■ In his next two grounds of error, appellant complains that the trial court erred in revoking his probation based upon

his failure to properly pay his probation fees and his failure to properly pay restitution. Appellant relies upon *Hardison v. State,* 450 S.W.2d 638 (Tex.Cr.App.1970), and maintains that the State has the affirmative burden of showing his ability to make probation and restitution payments, and that he did not make such payments although he was able.

Subsequent to the holding in *Hardison,* supra, the 65th Texas Legislature enacted Article 42.12, Sec. 8(c), V.A.C.C.P., which provides that in a probation revocation proceeding based upon failure to pay probation fees or restitution, inter alia, the inability of the probationer to pay is an *affirmative defense* to revocation, which the probationer must prove by a preponderance of the evidence.[1] There was a complete failure to prove the affirmative defense of inability to pay by a preponderance of the evidence. *Jones v. State,* 589 S.W.2d 419 (Tex.Cr.App. 1979); *Champion v. State,* 590 S.W.2d 495 (Tex.Cr.App.1979). It was not an abuse of discretion to revoke appellant's probation. Appellant's third and fourth grounds are overruled.

Finally, appellant alleges that "[t]he trial court abused its discretion in revoking appellant's probation on the grounds that he had committed a new offense of theft over $200.00 and under $10,000.00." From the argument which follows the ground of error, we take appellant's contention to be that there was insufficient evidence of the victim's lack of effective consent under V.T. C.A. Penal Code, Sec. 31.03(b)(1),[2] on which to base the revocation of his probation.

In grounds of error three and four, we upheld the trial court's revocation order based upon appellant's failure to pay probation fees and restitution. We find that these violations are a sufficient basis for the revocation and we therefore hold it unnecessary to consider ground of error five. *Champion v. State,* supra; *Jones v. State,* supra; *Sanchez v. State,* 603 S.W.2d 869 (Tex.Cr.App.1980); *Moore v. State,* 605 S.W.2d 924 (Tex.Cr.App.1980).

The order revoking probation and the cumulative sentence order are hereby affirmed.

---

1. When the 1977 Legislature originally amended Art. 42.12, supra, it apparently inadvertently added two subsections 8(c). While subsequently amended by Acts 1981, 67th Leg., p. 2246, ch. 538, sec. 2, effective June 12, 1981, to read as it presently does, at the time of the trial at bar, it read as it originally stood. We have previously held that any problem which arose due to this dual enactment was reconcilable under the Code Construction Act, Vernon's Ann.Civ.St., Art. 5429b–2, Sec. 3.05(b). *Jones v. State,* 589 S.W.2d 419 (Tex.Cr.App.1979).

2. V.T.C.A. Penal Code, Sec. 31.03, defines the offense of theft and reads in part:

"(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

"(b) Appropriation of property is unlawful if:

"(1) it is without the owner's effective consent;"