Leroy McCOWEN, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–85–0458CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 26, 1985.

Gerald A. Burks, Galveston, for appellant.

Michael J. Guarino, Dist. Atty., Susan W. Burris, Asst. Dist. Atty., Galveston, for appellee.

Before JUNELL, ROBERTSON and CANNON, JJ.

## OPINION

JUNELL, Justice.

Leroy McCowen appeals an order revoking his probation. In his three grounds of error appellant contends (1) the state alleged violation of a non-existent probation order; (2) the evidence was insufficient to support the revocation; and (3) the probation conditions upon which revocation was based were unreasonable and cannot support the revocation.

We affirm.

In January of 1982, appellant pled guilty to the charge of aggravated robbery. He received a sentence of ten years imprisonment, probated, and a fine. The probation order required appellant to report monthly to his probation officer in Galveston County and pay a monthly $15.00 probation service fee. The order also required appellant to reimburse the county for court costs and attorney's fees.

On January 11, 1984, a hearing was held on the state's motion to revoke appellant's probation; the motion was denied. Appellant claims that at this hearing the court orally modified the probation order to allow him to transfer his probation to Arizona. Neither a docket entry nor a written order reflecting the purported modification exists in the record.

Appellant contends he met with his Galveston County probation officer after the January 11, 1984 hearing and received the necessary permission to transfer his probation. Appellant testified that he moved to Arizona shortly after the hearing, worked for his aunt for no wages until December 1984, then moved to California, where he was working at the time he learned an arrest warrant had been issued and surrendered in January 1985.

During the time he lived in Arizona, appellant claims to have reported to the Phoenix probation department. The record shows that the Galveston County probation office sent an application to transfer probation to the Arizona authorities in May 1984. About a month later the Arizona authorities denied acceptance of the transfer. After receiving the rejection, the Galveston probation office attempted to notify appellant that the transfer had been denied and that he must report to the Galveston County probation office. Contact with the appellant was finally made in August when he sent a letter to the Galveston County probation office. A motion to revoke probation was made in October 1984; appellant surrendered to California authorities in January 1985. His probation was revoked in April 1985 for failure to report and pay the fine and fees.

In his first ground of error appellant contends the state alleged violations of a non-existent probation order. Appellant's second ground of error claims the evidence was insufficient to support revocation. Appellant argues that the original written probation order was modified orally at the January 11, 1984 hearing. He claims the oral modification superceded the original written order so that the conditions of reporting and payment were no longer in effect and thus could not have been violated.

■ The record contains no evidence that the court modified the probation order. Not only is there no written order, there is not even a docket entry reflecting a change. No evidence exists to support appellant's contention that the original order had been superceded.

Appellant bases his second ground of error on the theory that since the state failed to prove the existence of an enforceable probation order, it could not have proved the order had been violated. As with his first ground of error, appellant's second argument fails because the record does not show that the original order had been superceded.

■ Furthermore, the evidence does show that the appellant had failed to comply with the conditions of his probation. Even giving appellant the benefit of the doubt as to the transfer of his probation to Arizona, there was no evidence that he ever reported to the Phoenix probation office. Appellant admitted that he had not made a payment since February 1984. His probation officer had no record of payment since April 1982.

■ Proof of any violation of any term of probation will support an order revoking probation. *Sanchez v. State*, 603 S.W.2d 869 (Tex.Crim.App.1980). The evidence was sufficient to show appellant had failed to make the required payments. Inability to pay is an affirmative defense in a probation revocation case. *Watts v. State*, 645 S.W.2d 461 (Tex.Crim.App.1983). Appellant failed to meet his burden of proving by a preponderance of the evidence that he was unable to pay. We overrule appellant's first and second grounds of error.

■ Appellant's third ground of error contends the conditions of reporting and paying fees were unreasonable and do not authorize revocation. Appellant claims it was unreasonable to allow him to move to Arizona yet to require him to report month-

ly to the Galveston County probation office. Although both appellant and the Galveston County probation office seemed to have been operating under the impression appellant's probation had been transferred, the record is devoid of any evidence that the court ever consented to such a transfer. A probationer must have the permission of the court having jurisdiction of the case before leaving the state. Tex.Code Crim. Proc.Ann. art. 42.12, sec. 8(b). Only the court in which the defendant was tried, or a court to which jurisdiction has been transferred, may fix or alter conditions of probation. Tex.Code Crim.Proc.Ann. art. 42.12, sec. 5(a). There is no evidence that the court ever consented to the transfer of appellant's probation. Appellant's third ground of error is overruled.

We affirm the judgment.