COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-180-CR

NO. 2-07-181-CR

 

 

LEONARDO RIVERA BENITEZ, JR.                                          APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM THE 16TH
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Leonardo Rivera Benitez, Jr. was charged
with burglary of a building.  He was also
charged in a separate cause with indecency with a child. Appellant entered into
a plea bargain agreement in both causes and was placed on deferred adjudication
community supervision for five years for the burglary charge and for six years
for the indecency charge.








While Appellant was still on deferred
adjudication community supervision for both charges, the State filed a petition
to proceed with adjudication in each case. 
The State alleged that Appellant violated conditions of his community
supervision in that he failed to register as a sex offender on or about March
16, 2005; intentionally or knowingly caused physical contact with a minor by
touching her buttocks on or about October 16, 2005; was convicted of the
offense of Afailure to identify giving
false/fictitious info[rmation]@ on
October 16, 2006; was convicted of evading arrest/detention on October 16, 2006;
failed to report to his community supervision officer; failed to pay his fine;
failed to pay court costs; failed to pay various community supervision fees;
failed to notify his community supervision officer of a change of address;
failed to pay restitution; failed to complete his community service; failed to
begin psychological counseling for sex offenders; failed to submit a blood
sample; failed to complete a psychosexual evaluation; failed to complete a
drug/alcohol evaluation; and failed to participate in an anger management
course.








Appellant pled true to all of the allegations
against him but raised the issue of his inability to pay.  Appellant=s
community supervision officer testified about Appellant=s
failure to meet the conditions of his community supervision. The trial court
granted the State=s petition and sentenced
Appellant to two years= confinement on the burglary
charge, ten years= confinement on the indecency
with a child charge, and a $10,000 fine in each case.

In two issues, Appellant contends that the trial
court abused its discretion in assessing his punishment at ten years=
confinement for the indecency offense and two years=
confinement for the burglary offense. 
While Appellant couches his two issues in terms of punishment assessed,
his argument makes clear that he complains of the revocation of his deferred
adjudication community supervision. 
Former article 42.12, section 5(b), which governs these appeals,
prohibited an appellant from challenging on appeal the trial court=s
decision to adjudicate guilt.[2]








We note, however, that even in a Aregular@
community supervision case, proof by a preponderance of the evidence of any one
of the alleged violations of the conditions of community supervision is
sufficient to support a revocation order.[3]  A plea of true to any alleged violation is
sufficient to satisfy the State=s burden
as to that allegation.[4]  Because a single violation is a sufficient
basis for revocation, due process requires a specific finding on only one
violation.[5]  Here, Appellant=s plea
of true to the allegations that he had committed new offenses satisfied the
State=s burden
of proof as to those allegations and afforded him due process.

Further, while he points out that he received the
maximum confinement for each offense, Appellant does not otherwise argue that
the sentences are excessive or disproportionate.  We therefore hold that the trial court did
not abuse its discretion by granting the State=s petitions
to adjudicate and convicting and sentencing Appellant in each case.  We overrule Appellant=s two
issues.

 

 

 

 

 








 

Having overruled Appellant=s two
issues, we affirm the trial court=s
judgments.

 

LEE
ANN DAUPHINOT

JUSTICE

PANEL B:  DAUPHINOT, GARDNER,
and MCCOY, JJ.

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED:  April 17, 2008











[1]See Tex. R. App. P.
47.4.





[2]See Act of May 28, 1995,
74th Leg., R.S., ch. 318, ' 53, 1995 Tex. Gen. Laws 2734, 2750, amended
by Act of May 28, 2007, 80th Leg., R.S., ch. 1308, ' 5, 2007 Tex. Gen.
Laws 4395, 4397 (current version at Tex.
Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon Supp. 2007)).





[3]Moore v. State,
605 S.W.2d 924, 926 (Tex. Crim. App. 1980);  
Sanchez v. State, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980).





[4]See Watts v. State, 645 S.W.2d 461, 463 (Tex. Crim. App. 1983); Cole v. State, 578
S.W.2d 127, 128 (Tex. Crim. App. 1979).





[5]Lewis v. State,
195 S.W.3d 205, 209 (Tex. App.CSan Antonio 2006, no pet.).