

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-07-180-CR**
**NO. 2-07-181-CR**

LEONARDO RIVERA BENITEZ, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

----------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Leonardo Rivera Benitez, Jr. was charged with burglary of a building. He was also charged in a separate cause with indecency with a child. Appellant entered into a plea bargain agreement in both causes and was placed on deferred adjudication community supervision for five years for the burglary charge and for six years for the indecency charge.

---

[1] ☐ *See* TEX. R. APP. P. 47.4.

While Appellant was still on deferred adjudication community supervision for both charges, the State filed a petition to proceed with adjudication in each case. The State alleged that Appellant violated conditions of his community supervision in that he failed to register as a sex offender on or about March 16, 2005; intentionally or knowingly caused physical contact with a minor by touching her buttocks on or about October 16, 2005; was convicted of the offense of "failure to identify giving false/fictitious info[rmation]" on October 16, 2006; was convicted of evading arrest/detention on October 16, 2006; failed to report to his community supervision officer; failed to pay his fine; failed to pay court costs; failed to pay various community supervision fees; failed to notify his community supervision officer of a change of address; failed to pay restitution; failed to complete his community service; failed to begin psychological counseling for sex offenders; failed to submit a blood sample; failed to complete a psychosexual evaluation; failed to complete a drug/alcohol evaluation; and failed to participate in an anger management course.

Appellant pled true to all of the allegations against him but raised the issue of his inability to pay. Appellant's community supervision officer testified about Appellant's failure to meet the conditions of his community supervision. The trial court granted the State's petition and sentenced Appellant to two

years' confinement on the burglary charge, ten years' confinement on the indecency with a child charge, and a $10,000 fine in each case.

In two issues, Appellant contends that the trial court abused its discretion in assessing his punishment at ten years' confinement for the indecency offense and two years' confinement for the burglary offense. While Appellant couches his two issues in terms of punishment assessed, his argument makes clear that he complains of the revocation of his deferred adjudication community supervision. Former article 42.12, section 5(b), which governs these appeals, prohibited an appellant from challenging on appeal the trial court's decision to adjudicate guilt.[2]

We note, however, that even in a "regular" community supervision case, proof by a preponderance of the evidence of any one of the alleged violations of the conditions of community supervision is sufficient to support a revocation order.[3] A plea of true to any alleged violation is sufficient to satisfy the State's

---

[2] *See* Act of May 28, 1995, 74th Leg., R.S., ch. 318, § 53, 1995 Tex. Gen. Laws 2734, 2750, *amended by* Act of May 28, 2007, 80th Leg., R.S., ch. 1308, § 5, 2007 Tex. Gen. Laws 4395, 4397 (current version at TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2007)).

[3] *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980).

burden as to that allegation.[4] Because a single violation is a sufficient basis for revocation, due process requires a specific finding on only one violation.[5] Here, Appellant's plea of true to the allegations that he had committed new offenses satisfied the State's burden of proof as to those allegations and afforded him due process.

Further, while he points out that he received the maximum confinement for each offense, Appellant does not otherwise argue that the sentences are excessive or disproportionate. We therefore hold that the trial court did not abuse its discretion by granting the State's petitions to adjudicate and convicting and sentencing Appellant in each case. We overrule Appellant's two issues.

---

[4] *See Watts v. State*, 645 S.W.2d 461, 463 (Tex. Crim. App. 1983)*;* *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979).

[5] *Lewis v. State*, 195 S.W.3d 205, 209 (Tex. App.—San Antonio 2006, no pet.).

Having overruled Appellant's two issues, we affirm the trial court's judgments.

LEE ANN DAUPHINOT
JUSTICE

PANEL B:  DAUPHINOT, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 17, 2008