



# MEMORANDUM OPINION

No. 04-08-00047-CR

Joseph D. **ALMENDAREZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2005-CR-5644
Honorable Philip A. Kazen, Jr., Judge Presiding

Opinion by:   Steven C. Hilbig, Justice

Sitting:        Karen Angelini, Justice
                Phylis J. Speedlin, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:  July 9, 2008

AFFIRMED

The trial court adjudicated Joseph D. Almendarez guilty of aggravated assault after finding

he violated the terms of his deferred adjudication community supervision.  Almendarez appeals,

arguing the trial court abused its discretion in revoking his community supervision and sentencing

him to twelve years confinement.  We affirm the trial court's judgment.

**BACKGROUND**

Almendarez was charged by indictment with the offense of aggravated assault. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (Vernon Supp. 2007). In August 2006, he waived a jury and pled guilty to the court. As part of a plea agreement, the State recommended Almendarez be placed on deferred adjudication community supervision. The trial court accepted the plea of guilty and, pursuant to the terms of the plea agreement, placed Almendarez on deferred adjudication community supervision for a period of eight years.

In September 2007, the State filed a motion to adjudicate and revoke Almendarez's deferred adjudication community supervision, alleging in part that Almendarez had violated the conditions of his community supervision by committing an assault. At the hearing on the State's motion, Almendarez pled true to the allegation. The trial court found Almendarez violated a term of his deferred adjudication community supervision, granted the State's motion, adjudicated Almendarez guilty of aggravated assault, and sentenced him to twelve years confinement and a $1,200.00 fine.

Almendarez filed a "Motion for Reconsideration and/or Reduction of Sentence," which the trial court denied. Almendarez filed a timely notice of appeal.[1]

**ANALYSIS**

Almendarez contends the trial court abused its discretion in revoking his deferred adjudication community supervision and sentencing him to twelve years confinement. He argues that despite his plea of true to the alleged violation, the court's decision to revoke his community

---

[1]Effective June 15, 2007, the Texas Legislature amended article 42.12, section 5(b) of the Code of Criminal Procedure to omit the provision that no appeal may be taken from a trial court's adjudication of guilt and to provide that an appellate court can review a trial court's revocation of deferred adjudication in the same manner as a revocation hearing in which the trial court had not deferred an adjudication of guilt. *See* Act of May 28, 2007, 80th Leg., R.S., ch. 1308, § 5, 2007 Tex. Gen. Laws 4395, 4397 (codified at TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2007)). Because the trial court adjudicated Almendarez's guilt in December 2007, we will review his appellate issue as if it were a revocation from regular probation. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2007).

supervision was an abuse of discretion because the assault was "anomalous" and he committed no other violations during the preceding months of his community supervision. Almendarez further asserts the revocation and sentence was an abuse of discretion because during his community supervision: "he made significant strides. He backslid in one isolated incident."

Appellate review of revocation of deferred adjudication community supervision is limited to a determination of whether the trial court abused its discretion. *See Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983) (stating standard for reviewing revocation of probation when adjudication not deferred); *Hays v. State*, 933 S.W.2d 659, 660 (Tex. App.–San Antonio 1996, no pet.) (same). A plea of true to even one allegation is sufficient to support a revocation of deferred adjudication community supervision. *See Watts v. State*, 645 S.W.2d 461, 463 (Tex. Crim. App. 1983) (holding plea of true to one allegation is sufficient to support revocation of non-deferred probation); *Lewis v. State*, 195 S.W.3d 205, 209 (Tex. App.–San Antonio 2006, pet. denied) (same).

Because Almendarez's plea of true was sufficient to support the revocation, we hold the trial court did not abuse its discretion in revoking his deferred adjudication community supervision and imposing a sentence of twelve years, which was within the range of punishment for aggravated assault. *See* TEX. PENAL CODE ANN. § 12.33(a) (Vernon 2003) (stating punishment for second degree felony is confinement for not less than two years and not more than twenty years); § 22.01(b) (Vernon Supp. 2007) (stating aggravated assault is second degree felony). Accordingly, we affirm the trial court's judgment.

Steven C. Hilbig, Justice

Do Not Publish