

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-057-CR

MICHAEL DEAN GRAF                                                APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Michael Dean Graf appeals the trial court's judgment adjudicating him guilty of indecency with a child and sentencing him to ten years' incarceration. We will affirm.

In 2005, Graf pleaded guilty to the offense of indecency with a child younger than seventeen years. Pursuant to the plea agreement, the trial court

---

[1] *See* Tex. R. App. P. 47.4.

deferred adjudication of Graf's guilt, placed him on community supervision for ten years, and assessed a $1,000.00 fine. The plea agreement contained a condition that Graf was to not have contact with the injured child—his eight-year-old stepdaughter at the time of the offense. The trial court also ordered Graf, among other conditions, to not possess a firearm or have any unsupervised contacts with any minor children while on community supervision.

On September 25, 2007, the State filed a motion to proceed with an adjudication of guilt, alleging that Graf had violated three conditions of his community supervision. Graf entered pleas of "true" to the allegations that he had contact with the injured party, that he had unsupervised contact with a minor child, and that he knowingly possessed a firearm. In his sole point, Graf argues that the trial court abused its discretion by adjudicating him guilty.

Appellate review of the decision to adjudicate guilt is "in the same manner" as review of the revocation of community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2008). Appellate review of a community supervision revocation is limited to determining whether the trial court abused its discretion, and we examine the evidence in the light most favorable to the trial court's findings.[2] *See Cardona v. State*, 665 S.W.2d 492,

---

[2] Because we review the decision to adjudicate guilt in the same manner as the revocation of regular probation, we utilize the same case law in conducting our review. *Chavana v. State*, No. 02-07-00290-CR, 2008 WL 2553389, at *2 n.3 (Tex. App.—Fort Worth, June 26, 2008, no pet.) (not designated for publication).

493–94 (Tex. Crim. App. 1984). Under this standard, proof by a preponderance of the evidence of any one of the alleged violations of community supervision is sufficient to support a revocation order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980). A plea of true to any alleged violation is sufficient to satisfy the State's burden as to that allegation. *See Watts v. State*, 645 S.W.2d 461, 463 (Tex. Crim. App. 1983); *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979).

Here, Graf pleaded true to all of the violations of his community supervision alleged in the State's petition.[3] Thus, the State met its burden, and the trial court did not abuse its discretion by basing its judgment on Graf's pleas of true. Therefore, we overrule Graf's sole point and affirm the trial court's judgment.

PER CURIAM

PANEL: HOLMAN, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

---

[3] In his written plea, Graf pleaded true "to each and every act alleged" by the State's petition to revoke community supervision. In open court, Graf pleaded true to all three allegations. The trial court, however, when announcing its ruling, specifically found true the "allegations contained in Paragraph 1 and 2 . . . based upon [Graf's]" plea. Paragraph three contained the State's allegation that Graf, in violation of his community supervision conditions, possessed a firearm.

DELIVERED:  October 23, 2008