COURT OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                      FORT
WORTH

 

 

                                           NO.
2-08-057-CR

 

 

MICHAEL DEAN GRAF                                                          APPELLANT

 

                                                      V.

 

THE STATE OF TEXAS                                                                 STATE

 

                                                  ------------

 

             FROM THE 213TH
DISTRICT COURT OF TARRANT COUNTY

 

                                                  ------------

 

                                  MEMORANDUM OPINION[1]

 

                                                  ------------

Appellant Michael Dean Graf appeals the trial
court=s
judgment adjudicating him guilty of indecency with a child and sentencing him
to ten years= incarceration.  We will affirm.








In 2005, Graf pleaded guilty to the offense of
indecency with a child younger than seventeen years.  Pursuant to the plea agreement, the trial
court deferred adjudication of Graf=s guilt,
placed him on community supervision for ten years, and assessed a $1,000.00
fine.  The plea agreement contained a
condition that Graf was to not have contact with the injured childChis
eight-year-old stepdaughter at the time of the offense.  The trial court also ordered Graf, among
other conditions, to not possess a firearm or have any unsupervised contacts
with any minor children while on community supervision.

On September 25, 2007, the State filed a motion
to proceed with an adjudication of guilt, alleging that Graf had violated three
conditions of his community supervision. 
Graf entered pleas of Atrue@ to the
allegations that he had contact with the injured party, that he had
unsupervised contact with a minor child, and that he knowingly possessed a
firearm.  In his sole point, Graf argues
that the trial court abused its discretion by adjudicating him guilty.








Appellate review of the decision to adjudicate
guilt is Ain the same manner@ as
review of the revocation of community supervision.  Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b)
(Vernon Supp. 2008).  Appellate review of
a community supervision revocation is limited to determining whether the trial
court abused its discretion, and we examine the evidence in the light most favorable
to the trial court=s findings.[2]  See Cardona v. State, 665 S.W.2d 492,
493B94 (Tex.
Crim. App. 1984).  Under this standard,
proof by a preponderance of the evidence of any one of the alleged violations
of community supervision is sufficient to support a revocation order.  Moore v. State, 605 S.W.2d 924, 926
(Tex. Crim. App. [Panel Op.] 1980); Sanchez v. State, 603 S.W.2d 869,
871 (Tex. Crim. App. [Panel Op.] 1980). 
A plea of true to any alleged violation is sufficient to satisfy the
State=s burden
as to that allegation.  See Watts v.
State, 645 S.W.2d 461, 463 (Tex. Crim. App. 1983); Cole v. State,
578 S.W.2d 127, 128 (Tex. Crim. App. 1979).

Here, Graf pleaded true to all of the violations
of his community supervision alleged in the State=s
petition.[3]  Thus, the State met its burden, and the trial
court did not abuse its discretion by basing its judgment on Graf=s pleas
of true.  Therefore, we overrule Graf=s sole
point and affirm the trial court=s
judgment.

PER CURIAM

PANEL:  HOLMAN, WALKER, and
MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  October 23, 2008











[1]See Tex. R. App. P. 47.4.





[2]Because we review the
decision to adjudicate guilt in the same manner as the revocation of regular
probation, we utilize the same case law in conducting our review.  Chavana v. State, No. 02-07-00290-CR,
2008 WL 2553389, at *2 n.3 (Tex. App.CFort Worth, June 26, 2008, no pet.) (not
designated for publication).





[3]In his written plea, Graf
pleaded true Ato each and every act
alleged@ by the State=s petition to revoke
community supervision.  In open court,
Graf pleaded true to all three allegations. 
The trial court, however, when announcing its ruling, specifically found
true the Aallegations contained in
Paragraph 1 and 2 . . . based upon [Graf=s]@ plea.  Paragraph three contained the State=s allegation that Graf,
in violation of his community supervision conditions, possessed a firearm.