COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-124-CR

 

 

CHRISTINE
SOLIZ                                                                APPELLANT

 

                                                   V.

 

THE STATE OF
TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 396TH DISTRICT COURT OF
TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

                                              ------------      

I.  INTRODUCTION








Appellant Christine Soliz appeals from the trial
court=s order revoking her deferred adjudication
community supervision and adjudicating her guilty of assault causing bodily
injury to a family member with a prior conviction.  In her sole point, Soliz argues that the
trial court abused its discretion by adjudicating her guilty and sentencing her
to two years=
imprisonment.  We will affirm.

II.  PROCEDURAL BACKGROUND

Soliz pleaded guilty, pursuant to a plea
agreement, to the third-degree felony of assault causing bodily injury to a
family member with a prior conviction. 
On March 3, 2006, the trial court placed Soliz on five years= deferred adjudication community supervision and
imposed a $500 fine.  The State filed a
petition to proceed to adjudication on June 20, 2008, but the trial court
dismissed the petition, reinstated Soliz=s community supervision, and imposed additional
conditions of community supervision.  The
State filed a second petition to proceed to adjudication on March 13, 2009,
alleging that Soliz had violated multiple conditions of her community
supervision. Specifically, the State alleged that Soliz had failed to pay
required fees (Paragraph 1), had failed to submit to urine testing (Paragraph
2), had failed to report to her probation officer (Paragraph 3), had failed to
timely notify her probation officer of an address change (Paragraph 4), had
failed to complete anger-control classes (Paragraph 5), and had failed to
attend the Personal Money Power Program (Paragraph 6).








Soliz pleaded ATrue@ to the violations alleged in Paragraphs 3, 5,
and 6 at the adjudication hearing, and she signed a written judicial confession
to violating Paragraphs 3, 5, and 6, as well as Paragraph 1 of the State=s petition. The State did not present any
evidence or call any witnesses to testify at the adjudication hearing.  Soliz testified and attempted to explain some
of her violations.  She said that she did
not report to her probation officer one month and did not attend the Personal
Money Power Program because she did not have transportation.  She also said that she could not afford the
anger-control classes.  Soliz testified
that she is responsible for seven childrenCsix of her own children and one grandchildCand that she and the children live with her
mother.  Soliz explained that she works
at a Days Inn and recently purchased a car for $1,300.  She said that the trial court had placed her
on community supervision for the underlying offense because she had slapped her
daughter after her daughter had called her a Abitch.@

The trial court found the allegations in
Paragraphs 3, 5, and 6 of the State=s petition to be true, adjudicated Soliz guilty,
and sentenced her to two years= confinement.

III.  STANDARD
OF REVIEW








We review an order revoking community supervision
under an abuse of discretion standard.  Rickels
v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); Cardona v.
State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); Cherry v. State,
215 S.W.3d 917, 919 (Tex. App.CFort Worth 2007, pet. ref=d).  In a
revocation proceeding, the State must prove by a preponderance of the evidence
that the defendant violated the terms and conditions of community
supervision.  Cobb v. State, 851
S.W.2d 871, 873 (Tex. Crim. App. 1993); Cherry, 215 S.W.3d at 919.  The trial court is the sole judge of the
credibility of the witnesses and the weight to be given their testimony, and we
review the evidence in the light most favorable to the trial court=s ruling. Cardona, 665 S.W.2d at 493; Garrett
v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); see
Cherry, 215 S.W.3d at 919.  It is
well settled that a plea of true to even one of the State=s allegations is sufficient to support a
revocation of community supervision. 
See Watts v. State, 645 S.W.2d 461, 463 (Tex. Crim. App. 1983); Cole
v. State, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979).

IV.  NO ABUSE
OF DISCRETION

Soliz specifically contends in her sole point
that, A[c]onsidering the nature of the State=s allegations and the facts and circumstances of
the offense as well as those of [Soliz],@ the trial court abused its discretion by
revoking her community supervision. 
Soliz does not dispute that her pleas of true are sufficient to support
the trial court=s
ruling; she argues instead that the trial court Ashould not have@ revoked her community supervision based on her
situation.








But reviewing the evidence in the light most
favorable to the trial court=s ruling, we hold that Soliz=s pleas of trueCas well as her own testimonyCsupport the trial court=s revocation of her community supervision. See
Watts, 645 S.W.2d at 463; Cole, 578 S.W.2d at 128; see also Moore
v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980) (holding
proof of any one violation is sufficient to support revocation order).  Accordingly, we hold that the trial court did
not abuse its discretion by revoking Soliz=s community supervision and adjudicating her
guilty.  See Rickels, 202 S.W.3d
at 763.  We overrule Soliz=s sole point.

                                          V.  CONCLUSION

Having overruled Soliz=s sole point, we affirm the trial court=s judgment.

 

SUE WALKER

JUSTICE

 

PANEL: WALKER, MCCOY, and MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
April 8, 2010











[1]See Tex. R. App. P. 47.4.