

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-09-124-CR

CHRISTINE SOLIZ                                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I.  INTRODUCTION

Appellant Christine Soliz appeals from the trial court's order revoking her deferred adjudication community supervision and adjudicating her guilty of assault causing bodily injury to a family member with a prior conviction.  In her

---

[1] *See* Tex. R. App. P. 47.4.

sole point, Soliz argues that the trial court abused its discretion by adjudicating her guilty and sentencing her to two years' imprisonment. We will affirm.

## II. PROCEDURAL BACKGROUND

Soliz pleaded guilty, pursuant to a plea agreement, to the third-degree felony of assault causing bodily injury to a family member with a prior conviction. On March 3, 2006, the trial court placed Soliz on five years' deferred adjudication community supervision and imposed a $500 fine. The State filed a petition to proceed to adjudication on June 20, 2008, but the trial court dismissed the petition, reinstated Soliz's community supervision, and imposed additional conditions of community supervision. The State filed a second petition to proceed to adjudication on March 13, 2009, alleging that Soliz had violated multiple conditions of her community supervision. Specifically, the State alleged that Soliz had failed to pay required fees (Paragraph 1), had failed to submit to urine testing (Paragraph 2), had failed to report to her probation officer (Paragraph 3), had failed to timely notify her probation officer of an address change (Paragraph 4), had failed to complete anger-control classes (Paragraph 5), and had failed to attend the Personal Money Power Program (Paragraph 6).

Soliz pleaded "True" to the violations alleged in Paragraphs 3, 5, and 6 at the adjudication hearing, and she signed a written judicial confession to

2

violating Paragraphs 3, 5, and 6, as well as Paragraph 1 of the State's petition. The State did not present any evidence or call any witnesses to testify at the adjudication hearing. Soliz testified and attempted to explain some of her violations. She said that she did not report to her probation officer one month and did not attend the Personal Money Power Program because she did not have transportation. She also said that she could not afford the anger-control classes. Soliz testified that she is responsible for seven children—six of her own children and one grandchild—and that she and the children live with her mother. Soliz explained that she works at a Days Inn and recently purchased a car for $1,300. She said that the trial court had placed her on community supervision for the underlying offense because she had slapped her daughter after her daughter had called her a "bitch."

The trial court found the allegations in Paragraphs 3, 5, and 6 of the State's petition to be true, adjudicated Soliz guilty, and sentenced her to two years' confinement.

## III. STANDARD OF REVIEW

We review an order revoking community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Cherry v. State*, 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet.

ref'd).  In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Cherry*, 215 S.W.3d at 919.  The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); *see Cherry*, 215 S.W.3d at 919.  It is well settled that a plea of true to even one of the State's allegations is sufficient to support a revocation of community supervision.  *See Watts v. State*, 645 S.W.2d 461, 463 (Tex. Crim. App. 1983); *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979).

## IV.  NO ABUSE OF DISCRETION

Soliz specifically contends in her sole point that, "[c]onsidering the nature of the State's allegations and the facts and circumstances of the offense as well as those of [Soliz]," the trial court abused its discretion by revoking her community supervision.  Soliz does not dispute that her pleas of true are sufficient to support the trial court's ruling; she argues instead that the trial court "should not have" revoked her community supervision based on her situation.

4

But reviewing the evidence in the light most favorable to the trial court's ruling, we hold that Soliz's pleas of true—as well as her own testimony—support the trial court's revocation of her community supervision. *See Watts*, 645 S.W.2d at 463; *Cole*, 578 S.W.2d at 128; *see also Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980) (holding proof of any one violation is sufficient to support revocation order). Accordingly, we hold that the trial court did not abuse its discretion by revoking Soliz's community supervision and adjudicating her guilty. *See Rickels*, 202 S.W.3d at 763. We overrule Soliz's sole point.

## V. CONCLUSION

Having overruled Soliz's sole point, we affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL: WALKER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 8, 2010