COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| DALE DWAYNE FISHER, | § | |
| | | No. 08-10-00022-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 252nd District Court |
| THE STATE OF TEXAS, | § | |
| | | of Jefferson County, Texas |
| Appellee. | § | |
| | | (TC# 89839) |
| | § | |

## MEMORANDUM OPINION

Appellant waived trial by jury and entered a plea of guilty before the court to the offense of engaging in organized criminal activity. TEX. PENAL CODE ANN. § 71.02 (Vernon 2003). The trial court deferred adjudication of guilt, placed Appellant on probation for five years, and ordered that he pay restitution in the amount of $1,490. Subsequently, the trial court revoked Appellant's probation, found Appellant guilty of engaging in organized criminal activity, and sentenced him to imprisonment for eight years. Appellant then filed his notice of appeal.

Appellant's court-appointed counsel, however, has filed a brief in which he has concluded that the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, *reh. denied*, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967), by presenting a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. *See High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).

A copy of counsel's brief has been delivered to Appellant, and Appellant has been advised of his right to examine the appellate record and file a pro se brief. No pro se brief has been filed.

We have carefully reviewed the record and counsel's brief and agree that the appeal is wholly frivolous and without merit. Appellant pled true and a plea of true is sufficient to revoke probation. *See Watts v. State*, 645 S.W.2d 461, 463 (Tex. Crim. App. 1983). Further, appellant was sentenced within the range of punishment for his offense. TEX. PENAL CODE ANN. §§ 12.34(a), 12.35 (Vernon 2003), § 31.03(e)(4)(A) (Vernon Supp. 2010), §§ 71.02(a)(1), 71.02(b) (Vernon 2003). Thus, we find nothing in the record that might arguably support the appeal.

The judgment is affirmed.


GUADALUPE RIVERA, Justice

January 26, 2011

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)

2