COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS


MARISSA ANN GARCIA,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-10-00184-CR



Appeal from the


144th District Court


of Bexar County, Texas


(TC# 2009CR2686W) 


MEMORANDUM OPINION


 Appellant waived trial by jury and entered a plea of nolo contendere before the court to the
offense of possession of cocaine. Tex. Health & Safety Code Ann. § 481.115(b) (West 2010).
Appellant was admonished of the consequences of her plea pursuant to Tex. Code Crim. Proc.
Ann. art. 26.13 (West 2009). The trial court deferred adjudication of guilt, placed Appellant on 
community supervision for two years, and ordered that she pay $360 in court costs plus attorneys'
fees, restitution in the amount of $53, and a $1,500 fine. Subsequently, Appellant pled true to
violating the conditions of her community supervision. The trial court revoked Appellant's
community supervision, found Appellant guilty of possession of cocaine in an amount less than one
gram, and sentenced her to imprisonment in the Texas Department of Criminal Justice-State Jail
Division for sixteen months. Appellant filed her notice of appeal. We affirm.

 Appellant's court-appointed counsel, however, has filed a brief in which she has concluded
that the appeal is wholly frivolous and without merit. The brief meets the requirements of Anders
v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, reh. denied, 388 U.S. 924, 87 S.Ct.
2094, 18 L.Ed.2d 1377 (1967), by presenting a professional evaluation of the record demonstrating
why, in effect, there are no arguable grounds to be advanced. See High v. State, 573 S.W.2d 807
(Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Jackson v. State,
485 S.W.2d 553 (Tex. Crim. App. 1972); Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969). 
A copy of counsel's brief has been delivered to Appellant, and Appellant has been advised of her
right to examine the appellate record and file a pro se brief. No pro se brief has been filed.

 We have carefully reviewed the record and counsel's brief and agree that the appeal is wholly
frivolous and without merit. Appellant pled true and a plea of true is sufficient to revoke community
supervision. See Watts v. State, 645 S.W.2d 461, 463 (Tex. Crim. App. 1983). Further, Appellant
was sentenced within the range of punishment for her offense . Tex. Health & Safety Code Ann.
§ 481.115(b) (West 2010); Tex. Penal Code Ann. § 12.35(a) (West 2003). Thus, we find nothing
in the record that might arguably support the appeal.

 The judgment is affirmed.


 GUADALUPE RIVERA, Justice

April 29, 2011


Before Chew, C.J., McClure, and Rivera, JJ.


(Do Not Publish)