

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00040-CR

JONATHAN TRUJILLO, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Hopkins County, Texas
Trial Court No. 0920903

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Jonathan Trujillo appeals from the revocation of his community supervision and final adjudication of guilt. On July 2, 2009, Trujillo was placed on deferred adjudication on his pleas of guilty to two offenses of delivery of marihuana. Three years later, on September 13, 2012, the State filed motions to adjudicate both cases. Trujillo demanded to act pro se and represent himself at the hearing. He was admonished, and the trial court appointed an attorney to attend as standby counsel. Based upon his pleas of true, the court adjudicated him guilty and sentenced him to seven years' imprisonment on both convictions to run concurrently.

The State alleged a number of violations, and Trujillo pled "true" to allegations that he had violated conditions of his community supervision by (1) committing the offense of public intoxication, (2) using alcohol, and (3) failing to report to a community supervision office every month between December 2011 and August 2012. In short, he pled true to three violations. Because a single violation is sufficient for the court to revoke community supervision, due process requires a specific finding on only one violation. TEX. CODE CRIM. PROC. ANN. art 42.12, § 21 (West Supp. 2013) (State must prove every element of at least one ground for revocation by preponderance of evidence); *Watts v. State*, 645 S.W.2d 461, 463 (Tex. Crim. App. [Panel Op.] 1983).

Counsel acknowledges that because of Trujillo's plea, an attack on the revocation cannot succeed. Instead, he argues that because Trujillo had an explanation at least partially excusing each violation, the trial court erred by failing to consider his circumstances and beliefs as mitigation. Therefore, he argues, the seven years assessed as punishment are excessive, and the

2

court erred by not considering all of the possible remedies, such as extending his period of community supervision.

While Trujillo pled true to the allegation of public intoxication, he stated at the revocation hearing that he did not use alcohol, but was taken to jail because his companion (who was driving the automobile in which he was riding) was drinking. Although Trujillo acknowledged that he was found guilty of that crime, he stated that he was arrested only because he was in another city (Paris) and the officer was giving him a safe place to stay until the next morning. Trujillo also focused on the officer's failure to test him for alcohol.

Our attention is also directed to the same testimony as being relevant to his plea of true to the use of an alcoholic beverage.

Trujillo also pled true to the allegation that he had failed to report. His stated reason was that he believed his pending civil federal lawsuit would supersede his obligation regarding community supervision.

The standard of review of the trial court's decision to revoke community supervision is abuse of discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). Further, a plea of true to even one allegation is sufficient to support a judgment revoking probation. *Watts*, 645 S.W.2d at 463; *Lewis v. State*, 195 S.W.3d 205, 209 (Tex. App.—San Antonio 2006, no pet.). In this case, the plea of true to three allegations is sufficient to support the revocation.

The Texas Court of Criminal Appeals has held that a defendant should be accorded an opportunity to offer evidence in mitigation of punishment after the revocation and adjudication

3

of guilt if such evidence has not already been elicited—particularly if the defendant requests the opportunity. *Euler v. State*, 218 S.W.3d 88, 91 (Tex. Crim. App. 2007).

In this case, sentencing occurred later, because of the request for preparation of a presentence investigation report. Trial was held January 23, and the sentencing portion was conducted February 4. Trujillo objected to portions of the report discussing family, because it listed a stepfather who he had only met once and a brother he had never met—both of whom had criminal involvement in their lives. Trujillo's point was that his real family was far different. The judge acknowledged the statements and asked Trujillo if he had any other objections. Trujillo did not, so the judge recessed to read the report. Upon reconvening, the judge asked the State if it had any evidence that it wanted to present—it did not. The judge then asked Trujillo if he had any other evidence that he wished to present. Trujillo responded, "I don't have any more evidence."

Both sides then argued at length. Trujillo discussed his family life, explaining the hard work and conscientiousness of his mother, who ran her own business, as did his stepfather, a Puerto Rican immigrant who came in with nothing and built his own business, and distinguishing them from the biological father he had never met.

The State offered nothing to dispute Trujillo's characterization of his family, but pointed out that, although Trujillo had pled guilty, he had not been able to live up to the community supervision he had been offered. The State argued that it was apparent that Trujillo had not been willing to really take responsibility after his guilty plea for those crimes. The State also acknowledged that Trujillo had been nothing but a gentleman in his dealings with the State and

4

the court, that he had come into court with nothing less than respect, and that Trujillo deserved some credit for his actions. Nevertheless, the State argued that as he was faced with the possibility of ten years' incarceration on two charges of delivery of marihuana in a drug-free zone, a fairly heavy sentence would be appropriate. The State suggested seven years as a just and right punishment.

The trial court addressed the defendant at some length, stating, "[T]he most problematic part of this . . . is your failure or refusal to accept responsibility for your role in this." The court also focused on the fact that two separate deliveries of marihuana were involved and that the additional arrests had occurred while he was on community supervision. The court encouraged him to press on with the abilities he had exhibited, sentenced Trujillo to seven years' imprisonment on both convictions, and appointed counsel to represent him on his appeal.

It is clear that the trial court gave Trujillo every opportunity to introduce additional evidence in mitigation. The discourse by the court also reflects that a number of different matters were being weighed in the process of reaching a decision about the punishment to be assessed. Counsel argues that the focus on Trujillo's failure to take responsibility for his crimes is inappropriate, as he had a pending federal lawsuit that he could reasonably have believed absolved him of his duties. We disagree. That position is neither reasonable nor defensible. The legally unsupportable and independently arrived-at belief of a defendant about the enforceability of conditions of his community supervision do not mitigate his intentional failures to obey those conditions. In light of Trujillo's guilty pleas and then his ultimate failures to do the things that

5

would keep him out of jail, it is apparent that he has not "taken responsibility for his unlawful actions, even after he admitted them. The contention of error is overruled.

We affirm the judgment.



Bailey C. Moseley
Justice

Date Submitted:     December 27, 2013
Date Decided:       December 31, 2013

Do Not Publish

6