

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| RONALD EVANS, | § | No. 08-13-00136-CR |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | 432nd District Court |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § | (TC# 1239788D) |
| | § | |

**O P I N I O N**

Before the trial court, Appellant waived trial by jury and entered an open plea of guilty to deadly conduct by discharging a firearm at an individual. TEX. PENAL CODE ANN. § 22.05(b)(West 2011). The trial court deferred adjudication of guilt, placed Appellant on community supervision for ten years, assessed a fine of $1,000, which the court probated, and ordered Appellant to pay court costs of $284.

Subsequently, the State filed a petition to proceed to adjudication. After being admonished, Appellant pleaded true to the acts alleged in the State's petition. The trial court revoked Appellant's probation, found Appellant guilty of deadly conduct, and sentenced him to imprisonment for ten years. With the trial court's permission, Appellant then filed his notice of appeal.

Appellant's court-appointed counsel, however, has filed a brief in which he has concluded that the appeal is wholly frivolous and without merit.   The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, *reh. denied*, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967), by presenting a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced.   *See High v. State*, 573 S.W.2d 807 (Tex.Crim.App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex.Crim.App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex.Crim.App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969). A copy of counsel's brief has been delivered to Appellant, and Appellant has been advised of his right to examine the appellate record and file a pro se brief.   No pro se brief has been filed.

We have carefully reviewed the record and counsel's brief and agree that the appeal is wholly frivolous and without merit.   Appellant pleaded true and a plea of true is sufficient to revoke probation.   *See Watts v. State*, 645 S.W.2d 461, 463 (Tex.Crim.App. 1983).   Further, Appellant was sentenced within the range of punishment for his offense.   TEX. PENAL CODE ANN. §§ 12.34, 22.05(b)(West 2011).   We find nothing in the record that might arguably support the appeal and a discussion of the contentions advanced in counsel's brief would add nothing to the jurisprudence of the state.

The judgment is affirmed.

GUADALUPE RIVERA, Justice

June 6, 2014

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

2