

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00150-CR

Billy **BENAVIDEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 229th Judicial District Court, Duval County, Texas
Trial Court No. 09-CRD-122
Honorable J. Manuel Banales, Judge Presiding

Opinion by:　Rebeca C. Martinez, Justice

Sitting:　　　Karen Angelini, Justice
　　　　　　　Marialyn Barnard, Justice
　　　　　　　Rebeca C. Martinez, Justice

Delivered and Filed:　December 7, 2016

AFFIRMED

Billy Benavidez appeals the trial court's judgment revoking his deferred adjudication community supervision, adjudicating him guilty of Aggravated Assault with a Deadly Weapon, and sentencing him to ten years' imprisonment. We affirm the trial court's judgment.

### ANALYSIS

On May 26, 2010, Benavidez pled guilty to Aggravated Assault with a Deadly Weapon under Count II of a three-count indictment. Count III of the indictment alleged that Benavidez had a prior felony conviction. The State dismissed Count I, which alleged Driving While Intoxicated

with a Child Younger than 15 Years. The trial court placed Benavidez on deferred adjudication community supervision for a period of seven years.

On October 29, 2013, the State filed a motion to adjudicate guilt alleging that Benavidez had violated multiple conditions of his community supervision, including, but not limited to: commission of a new offense, Driving While Intoxicated-3rd or More, on October 13, 2013 in Nueces County; failure to avoid alcohol; failure to remain in Duval County; failure to abide by his curfew; failure to pay court costs; failure to pay the $1,500 fine; failure to pay restitution and other fees; failure to begin and complete out-patient counseling; and failure to begin and complete 140 hours of community service. At the hearing on the State's motion, Benavidez pled true to all of the alleged violations, both verbally and in a written "Plea of True to State's Motion to Adjudicate Guilt." The trial court confirmed Benavidez's knowledge and understanding of the alleged violations, and the consequences of a plea of true, before accepting his plea and finding that he committed each of the alleged violations. The court revoked Benavidez's deferred adjudication community supervision, and proceeded to adjudicate him guilty of the underlying offense of Aggravated Assault with a Deadly Weapon. The trial court then proceeded to the punishment phase, at which no new evidence was submitted, and sentenced Benavidez to ten years' imprisonment.

On appeal, Benavidez asserts the State failed to submit evidence to corroborate his plea of true to commission of the October 13, 2013 DWI-3rd or More offense alleged in the State's motion to adjudicate/revoke. He contends that his "judicial confession" to commission of that offense was insufficient unless independent corroborating evidence was presented to establish the *corpus delicti*. *See Miller v. State*, 457 S.W.3d 919, 924 (Tex. Crim. App. 2015) (quoting *Hacker v. State*, 389 S.W.3d 860, 866 (Tex. Crim. App. 2013)) ("To satisfy the *corpus delicti* rule, there must be

'evidence independent of a defendant's extrajudicial confession show[ing] that the 'essential nature' of the charged crime was committed by someone.'"). Benavidez asserts that because the State's motion only alleged he was "arrested and charged" with the new offense, there was no evidence the new DWI-3rd or More offense was actually committed.[1] Even if Benavidez's premise were true with respect to the violation based on commission of the new offense, the trial court found that Benavidez committed multiple other violations of the conditions of his community supervision such as failure to pay his fine, court costs, restitution and other fees, and failure to perform counseling and community service hours. One violation of a condition of community supervision is sufficient to support a revocation. *Watts v. State*, 645 S.W.2d 461, 463 (Tex. Crim. App. 1983); *Lewis v. State*, 195 S.W.3d 205, 209 (Tex. App.—San Antonio 2006, no pet.). Benavidez's argument on appeal is limited to the violation based on the new DWI-3rd or More offense; he does not challenge any of the other violations found by the trial court. We therefore overrule Benavidez's sole issue and affirm the trial court's judgment.

Rebeca C. Martinez, Justice

DO NOT PUBLISH

---

[1] Benavidez also argues he was harmed by the trial court's consideration of the new DWI-3rd or More offense because it was the "primary reason" for imposition of the ten-year sentence instead of the four-year sentence recommended by the State. The transcript of the hearing shows the trial court was indeed concerned with Benavidez's history of driving while intoxicated. However, the court focused on Benavidez's three prior convictions for DWI, to which Benavidez testified, not the pending DWI-3rd or More offense, before rejecting Benavidez's request to continue on community supervision and imposing the ten-year sentence.