COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-020-CR

 

 

ERIC MADDOX                                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL
DISTRICT COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Introduction








Appellant Eric Maddox appeals his conviction for
possessing while intending to deliver cocaine. 
See Tex. Health & Safety Code Ann. '' 481.102(3)(D),
481.112(a) (Vernon 2003 & Supp. 2008). 
In four issues, he contends that the trial court=s
judgment is defective and its findings are unsupportable, that the trial court
erred by admitting hearsay evidence, and that he was denied effective assistance
of counsel.  We reform, and as reformed,
affirm the trial court=s judgment.

Background Facts

In January 2001, a Tarrant County grand jury
indicted appellant of possessing while intending to deliver between four and two
hundred grams of cocaine (a first degree felony).  See id. '
481.112(d).  In September of that year,
appellant pled guilty.  In accordance
with his plea, the trial court placed appellant on deferred adjudication community
supervision for ten years.

In November 2007, the State filed a petition to
proceed to the adjudication of appellant=s
cocaine offense.  The next month, the
State filed its first amended petition, alleging in five paragraphs that
appellant violated the terms of his community supervision by possessing
methamphetamine, testing positive for THC[2]
and cocaine, and failing to report to his community supervision office in
person and by mail on several monthly occasions.  On January 10, 2008, the State filed a second
amended petition, alleging these same facts and adding another assertion
relating to marijuana possession.








On the day the State filed its second amended
petition, the trial court conducted an evidentiary hearing on whether to
adjudicate appellant guilty; however, the State proceeded on its first amended
petition.  At the hearing, the State
called Rodney Knotts, a court officer with the Tarrant County Adult Probation
Department.  Based on records he brought
with him,[3]
Officer Knotts testified that the department informed appellant of the
conditions of his community supervision, that appellant violated the conditions
as alleged in the State=s petition, and that appellant
had been Asanctioned@ through
a brief stay in jail for these violations. 
The State then called a Plano police officer who testified that he
discovered marijuana along with a substantial amount of pills in a locked glove
box within appellant=s vehicle.  Finally, the State called a laboratory
technician who stated that the pills found in appellant=s
vehicle tested positive for methamphetamine and methylenedioxymethamphetamine
(MDMA), which are controlled substances.








The trial court found that four of the five
allegations contained in the State=s first
amended petition were true.  After
appellant called two witnesses (his wife and his mother) on the issue of
punishment and counsel presented closing arguments, the trial court formally
found appellant guilty and sentenced him to twenty years=
confinement.  Later that day, the trial
court entered a judgment reflecting its decisions.  The judgment referred to allegations
contained in the State=s second amended petition as the
Agrounds
for revocation.@ 
Appellant filed notice of this appeal.

Standard of Review

Our review of an order revoking community
supervision is limited to determining whether the trial court abused its
discretion.  Cardona v. State, 665
S.W.2d 492, 493 (Tex. Crim. App. 1984); Allbright v. State, 13 S.W.3d
817, 818 (Tex. App.CFort Worth 2000, pet. ref=d); see
Oveal v. State, No. 14‑07‑00755‑CR, 2008 WL 5085405, at
*2 (Tex. App.CHouston [14th Dist.] Nov. 25,
2008, no pet.) (mem. op., not designated for publication) (applying the abuse
of discretion standard to the granting of a motion to adjudicate).  An abuse of discretion occurs when the trial
judge=s
decision is so wrong that it falls outside the zone within which reasonable
persons might disagree.  Allbright,
13 S.W.3d at 818.

Defective Judgment








In his first issue, appellant contends that the
judgment adjudicating his guilt is defective because it states that it is based
on the State=s second amended petition, while
the State actually litigated its first amended petition.  Appellant asserts that the result of this
error is that he was adjudicated on allegations of which Ano
evidence was presented and no argument was heard.@  The State concedes and we hold that the
judgment adjudicating appellant=s guilt
errs by stating that the trial court adjudicated appellant under the State=s second
amended petition.  However, the State
contends that the error may be corrected by this court=s
modification of the trial court=s
judgment.  We agree.

Appellate courts have the authority to correct
and modify a trial court=s judgment in order to make the
record speak the truth.  See Tex.
R. App. P. 43.2(b); Banks v. State, 708 S.W.2d 460, 462 (Tex. Crim. App.
1986); Nelson v. State, 149 S.W.3d 206, 213 (Tex. App.CFort
Worth 2004, no pet.) (stating that an appellate court may correct and reform a
judgment Ato make the judgment congruent
with the record@); Asberry v. State, 813
S.W.2d 526, 529 (Tex. App.CDallas
1991, pet. ref=d) (en banc) (explaining that A[a]ppellate
courts have the power to reform whatever the trial court could have corrected
by a judgment nunc pro tunc where the evidence necessary to correct the
judgment appears in the record@).  Such authority is not dependent upon a party=s
request or objection.  See Tyler v.
State, 137 S.W.3d 261, 267B68 (Tex.
App.CHouston
[1st Dist.] 2004, no pet.); Asberry, 813 S.W.2d at 529B30.








Appellant has cited no authority holding that the
incorrect recitation contained in the judgment adjudicating his guilt is
reversible error or cannot be corrected as indicated by the authority cited
above.  Instead, he admits that the trial
court heard evidence and made its determinations based on the State=s first
amended petition; the record demonstrates the same.  For instance, at the hearing on the petition,
appellant=s counsel conferred with
appellant, agreed to litigate the first amended petition, and announced
ready.  The trial court then read the
allegations specifically contained in the first amended petition to appellant.  Appellant pled Atrue@to
testing positive for THC, and he pled Anot true@ to the
remaining allegations.  Closing arguments
from appellant and the State concerned the allegations contained in the five
paragraphs of the first amended petition.













Because the Atruth@ of the
record is that the parties litigated the first amended petition and that the
court considered that petition to find violations of paragraphs one, two, four,
and five, we sustain appellant=s first
issue to the extent that we modify the judgment adjudicating guilt to reflect
the proper grounds for revocation as stated in those paragraphs of that
petition.[4]  See Tex.R. App. P. 43.2(b); Banks, 708
S.W.2d at 462.

Evidentiary Sufficiency and Hearsay Objections

In his second and fourth issues, appellant
asserts that the evidence presented at trial was insufficient to prove a
violation of three paragraphs of the State=s first
amended petition.[5]








Sufficient evidence of one violation is adequate
to affirm a trial court=s order revoking community
supervision.  See Watts v. State,
645 S.W.2d 461, 463 (Tex. Crim. App. 1983) (declining to consider the
sufficiency of evidence supporting one revocation ground when the judgment was
supportable by another violation); Moore v. State, 605 S.W.2d 924, 926
(Tex. Crim. App. [Panel Op.] 1980).  In
other words, to overturn a revocation order, a defendant must successfully
challenge each finding on which the revocation is based.  Harris v. State, 160 S.W.3d 621, 626
(Tex. App.CWaco 2005, pet. struck); Joseph
v. State, 3 S.W.3d 627, 640 (Tex. App.CHouston
[14th Dist.] 1999, no pet.).

Also, a Atrue@ plea to
any one of the alleged violations contained in a motion to proceed to
adjudication is sufficient to support the trial court=s order
revoking community supervision.  See
Atchison v. State, 124 S.W.3d 755, 758 n.4 (Tex. App.CAustin
2003, pet. ref=d); Moore v. State, 11
S.W.3d 495, 498 n.1 (Tex. App.CHouston
[14th Dist.] 2000, no pet.); Wilkerson v. State, 731 S.W.2d 752, 753
(Tex. App.CFort Worth 1987, no pet.).  Once a Atrue@ plea
has been entered, a defendant may not challenge the sufficiency of the evidence
to support the subsequent revocation.  See
Moore, 11 S.W.3d at 498 n.1 (citing Rincon v. State, 615 S.W.2d 746,
747 (Tex. Crim. App. [Panel Op.] 1981)).








Here, appellant pled Atrue@ to
testing positive for THC.[6]  The trial court found that allegation to be
true, and appellant has not challenged the trial court=s finding
in this regard.  Therefore, the trial
court did not abuse its discretion by adjudicating appellant guilty, and
appellant=s issues related to findings
made and evidence presented on the other paragraphs of the State=s
petition are rendered immaterial.  See
Watts, 645 S.W.2d at 463; Moore, 11 S.W.3d at 498 n.1.  Accordingly, we overrule appellant=s second
and fourth issues.

Ineffective Assistance of Counsel

In his third issue, appellant argues that his Atrue@ plea
was involuntary because he was denied effective assistance of counsel.

To establish ineffective assistance of counsel,
appellant must show by a preponderance of the evidence that his counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s
deficiency, the result of the trial would have been different.  Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 62B63 (Tex.
Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 812 (Tex.
Crim. App. 1999).








In evaluating the effectiveness of counsel under
the first prong, we look to the totality of the representation and the
particular circumstances of each case.  Thompson,
9 S.W.3d at 813.  The issue is whether
counsel=s
assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 688B89, 104
S. Ct. at 2065.  Review of counsel=s
representation is highly deferential, and the reviewing court indulges a strong
presumption that counsel=s conduct fell within a wide
range of reasonable representation.  Salinas,
163 S.W.3d at 740; Mallett, 65 S.W.3d at 63.  A reviewing court will rarely be in a
position on direct appeal to fairly evaluate the merits of an ineffective
assistance claim.  Thompson, 9
S.W.3d at 813B14.  AIn the majority
of cases, the record on direct appeal is undeveloped and cannot adequately
reflect the motives behind trial counsel=s
actions.@  Salinas, 163 S.W.3d at 740 (quoting Mallett,
65 S.W.3d at 63).  To overcome the
presumption of reasonable professional assistance, Aany
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.@  Id. (quoting Thompson, 9 S.W.3d
at 813).








The second prong of Strickland requires a
showing that counsel=s errors were so serious that
they deprived the defendant of a fair and reliable trial.  Strickland, 466 U.S. at 687, 104 S.
Ct. at 2064.  In other words, appellant
must show there is a reasonable probability that, but for counsel=s
unprofessional errors, the result of the proceeding would have been
different.  Id. at 694, 104 S. Ct.
at 2068.  A reasonable probability is a
probability sufficient to undermine confidence in the outcome.  Id. 
The ultimate focus of our inquiry must be on the fundamental fairness of
the proceeding in which the result is being challenged.  Id. at 697, 104 S. Ct. at 2070.  A defendant=s plea
is not voluntary when it results from ineffective assistance of counsel.  Ex parte Burns, 601 S.W.2d 370, 372
(Tex. Crim. App. 1980).

Appellant contends that the record demonstrates
his trial counsel=s lack of preparation to proceed
on the State=s first amended petition, which
he claims leads to the inference that his counsel did not advise him of the
effect of pleading Atrue.@  Alternatively, he asserts that even if his
trial counsel did advise him of the effect of his Atrue@ plea,
no possible strategic advantage could have been gained through the plea.

Towards the beginning of the hearing on the State=s
petition, the following exchange occurred:

[DEFENSE COUNSEL]:   Your Honor, we had anticipated that ‑‑
going on the State=s second amended petition
of ‑‑ my client made a decision, based on my advice, to wait ten
days to prepare for the second amended petition that we had notice of
yesterday.  My understanding is the Court
is saying that we are going on the first amended petition.

 

THE COURT: See, I=m glad that y=all had notice yesterday
because it=s news to me.  The one I have set is the first amended
petition.  That=s the one that we=ve had set.

 








[DEFENSE COUNSEL]: That=s correct, Your
Honor.  And based on my advice to my
client, my client has ‑‑ had decided to not waive his ten days
anticipating that the second amended petition would be the petition that we
adjudicated.  We are attempting to get
all of our witnesses here.  They should
be here today.  I=m not sure exactly what
time they will be here.  They are all in
Dallas County and Collin County, but we are working on getting them here.  So, at this present time, we are not prepared,
although we may be prepared a little later this morning or early this afternoon.

 

THE COURT: So, are you
asking for ten days and you want a hearing on the first one, and he stays in
custody until the hearing?  I mean,
because ‑‑ I mean, that=s part of the problem is he=s in jail pending this
motion?

 

[DEFENSE COUNSEL]: That=s correct.

 

THE COURT: And if you
want your ten days and you withdraw your request for a bond, then that=s fine.  Do you want to go over and talk to him?  Feel free to and talk to him.  That=s fine.

 

(Sotto voce discussion
between the Defendant and Mr. Johnston.)

 

[DEFENSE COUNSEL]:  We will proceed today, Your Honor, on the
first amended petition.

 

THE COURT:  Okay. Go ahead and put him up.

 

The context of this record indicates that
appellant=s counsel was not unprepared to
proceed with litigating the State=s first
amended petition in the sense that he had either not discussed the petition
with appellant or was unaware of its allegations, as appellant asserts in his
brief.  Rather, the lack of preparation
expressed by counsel only concerned bringing planned witnesses to trial, and
after a discussion with appellant, counsel believed he could proceed.








There is simply nothing in the record to support
appellant=s assertion that he and his
trial counsel Ahad not discussed [his] pleas
and their implications@ or that appellant was not Ainformed
of the nature of the proceeding.@  It is inappropriate for an appellate court to
infer ineffective assistance based upon unclear portions of the record.  Mata v. State, 226 S.W.3d 425, 432
(Tex. Crim. App. 2007).

Next, even if appellant=s trial
counsel did not advise him of the effects of his pleas, the trial court did, as
the following colloquy demonstrates:

THE COURT: It goes on to
say in Paragraph 2, that you violated that, on or about November 16th, 2007, by
testing positive for THC.  Is that true
or not true?

 

THE
DEFENDANT: True, Your Honor.

 

THE
COURT: True?

 

THE
DEFENDANT: Yes, Your Honor.

 

. . .
. 

 

THE COURT: Okay. So,
Paragraph 2, you understood that you didn=t have to enter a plea of true, correct?

 

THE DEFENDANT: Yes, Your
Honor.

 

THE COURT: You did enter
a plea of true, right?

 

THE DEFENDANT: Yes, Your
Honor.

 

THE COURT: Is that of
your own free will?

 

THE DEFENDANT: Yes, Your
Honor.

 








THE COURT: And, you
understand that if you enter a plea of true, the Court will be required to find
that you violated that term and condition of probation?

 

THE
DEFENDANT: Yes, Your Honor.

 

THE COURT: Based just on
your own statement, you understand that?

 

THE DEFENDANT: Yes, Your
Honor.

 

THE COURT: By entering a
plea of true, you are giving up your right to require the State to prove it to
the Court.  Do you understand that?

 

THE DEFENDANT: Yes, Your
Honor.

 

THE COURT: You are giving
up your right to confront the witnesses on that specific allegation.  Do you understand all that?

 

THE DEFENDANT: Yes, Your
Honor.

 

THE COURT: And, do you
still want to enter a plea of true to Paragraph 2?

 

(Sotto voce between
defendant and Mr. Johnston.)

 

THE DEFENDANT: Yes, Your
Honor.

 

THE COURT: Okay. Your
pleas will be accepted.

 








When a defendant is properly admonished, and
states that he is entering a plea freely and voluntarily, Athis
establishes a prima facie case that the plea was knowing and voluntary.@  Mallett, 65 S.W.3d at 64; see
Hawkins v. State, 112 S.W.3d 340, 344 (Tex. App.CCorpus
Christi 2003, no pet.) (holding that a Atrue@ plea in
a revocation of community supervision was knowing and voluntary because the
trial court properly admonished the defendant).

Because the record is absent of any evidence
indicating that appellant=s trial counsel failed to
explain the nature of the adjudication proceeding or the consequences of
appellant=s Atrue@ plea,
and because the trial court ensured that appellant understood the effect of his
plea, we cannot agree that his counsel=s representation
fell below the standard of prevailing professional norms or that there is a
reasonable probability that, but for his counsel=s
alleged deficiency, the result of the trial would have been different.  See Strickland, 466 U.S. at 687, 104
S. Ct. at 2064.  Therefore, we cannot
hold that appellant=s trial counsel=s
representation was ineffective based on his preparation for the adjudication hearing
or on the information he gave appellant.

Next, appellant contends that his trial counsel=s
representation was ineffective because there could be no strategic advantage
for entering a Atrue@ plea in
a hearing to proceed to adjudication.  In
Rice v. State, the appellant contended that there could never be a
viable trial strategy for entering a Atrue@ plea in
a revocation proceeding.  No. 08‑01‑00449‑CR,
2002 WL 1939117, at *2 (Tex. App.CEl Paso
Aug. 22, 2002, no pet.) (not designated for publication).  The El Paso Court of Appeals rejected this
contention, reasoning that 








the court retains
discretion to deny the motion to revoke and continue the defendant on community
supervision even when a violation of the court=s order has been
proven.  Therefore, a defendant may, as a
matter of trial strategy, plead true to one relatively minor allegation, in an
effort to demonstrate his sincerity, but argue that the court should exercise
its discretion to leave him on community supervision.

 

Id. (citation omitted).  Further, a defendant=s
submission of an adverse plea may be part of a strategy to gain lenience from a
judge or jury.  See Boykin v. Alabama,
395 U.S. 238, 240, 89 S. Ct. 1709, 1710 (1969); Gardner v. State, 164
S.W.3d 393, 399 (Tex. Crim. App. 2005).








The sparse record here does not indicate whether
appellant relied or did not rely on one of the above strategies while entering
his Atrue@ plea,
or whether he relied or did not rely on the advice of his trial counsel in
doing so.  That being the case, we hold
that appellant has failed to satisfy his burden of demonstrating by a
preponderance of the evidence that there was no plausible reason for his
pleading Atrue@ and
that he has therefore failed to establish that his trial counsel was
ineffective.[7]  See Strickland, 466 U.S. at 687, 104
S. Ct. at 2064; Bone v. State, 77 S.W.3d 828, 836 (Tex. Crim. App.
2002).  We overrule appellant=s third
issue.

Conclusion

Having sustained appellant=s first
issue and having overruled his remaining issues, we reform the trial court=s
judgment to incorporate the changes indicated above, and we affirm the trial
court=s
judgment in all other respects.

 

TERRIE
LIVINGSTON

JUSTICE

 

PANEL:  CAYCE, C.J.; LIVINGSTON,
and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:  January 29, 2009











[1]See Tex. R. App. P. 47.4.





[2]THC, or
tetrahydrocannabinol, is an active ingredient of marijuana.  See Few v. State, 588 S.W.2d 578, 581
(Tex. Crim. App. [Panel Op.] 1979); Johnson v. State, 633 S.W.2d 687,
691 (Tex. App.CAmarillo 1982, pet. ref=d).





[3]Appellant objected to
Officer Knotts=s testimony about the
information revealed by the probation department records on the ground of
hearsay, and he complained that such testimony violated his right of
confrontation.  The trial court overruled
these objections.





[4]Specifically, the
judgment will reflect that the trial court found the following paragraphs of
the State=s first amended petition
to be true:

 

1.  The Defendant, ERIC MADDOX, was ordered by
the Court to commit no offense against the laws of this State or any other
State or the United States.  The
Defendant violated this order on or about the 9th day of MAY, 2007, in the
County of Collin, and State of Texas, by: 
THEN AND THERE INTENTIONALLY AND KNOWINGLY POSSESS, WITH INTENT TO
DELIVER, A CONTROLLED SUBSTANCE, NAMELY: METHAMPHETAMINE, IN AN AMOUNT MORE
THAN FOUR (4) GRAMS BUT LESS THAN TWO HUNDRED (200) GRAMS, BY AGGREGATE WEIGHT,
INCLUDING ADULTERANTS AND DILUTANTS.

 

2.  The Defendant, ERIC MADDOX, was ordered by
the Court to avoid injurious or vicious habits and abstain from the illegal use
of controlled substances, cannabinoids, marijuana or consumption of any
alcoholic beverage.  Further, the
Defendant was ordered to submit to an assessment for substance abuse, and
attend and complete treatment at the direction of the Supervision Officer.  THE DEFENDANT VIOLATED THIS ORDER IN THAT ON
OR ABOUT NOVEMBER 16, 2007, THE DEFENDANT TESTED POSITIVE THROUGH URINALYSIS
FOR THC.

 

4.  The Defendant, ERIC MADDOX, was ordered by
the Court to continue to report to Tarrant County as directed each month, and
if supervision of Defendant is transferred to another jurisdiction, the
Defendant continue to report to Tarrant County as directed each month, and
comply with the rules and regulations of the receiving jurisdiction.  The Defendant is also ordered to pay fees to
Tarrant County unless waived by the Court. 
THE DEFENDANT VIOLATED THIS ORDER IN THAT THE DEFENDANT FAILED TO REPORT
IN PERSON TO COLLIN COUNTY THE MONTHS OF APRIL 2002 AND FEBRUARY 2003.

 

5.  The Defendant, ERIC MADDOX,
was ordered by the Court to continue to report to Tarrant County as directed
each month, and if supervision of Defendant is transferred to another
jurisdiction, the Defendant continue to report to Tarrant County as directed
each month, and comply with the rules and regulations of the receiving
jurisdiction.  The Defendant is also
ordered to pay fees to Tarrant County unless waived by the Court.  THE DEFENDANT VIOLATED THIS ORDER IN THAT THE
DEFENDANT FAILED TO REPORT BY MAIL TO TARRANT COUNTY THE MONTHS OF NOVEMBER AND
DECEMBER 2001, JANUARY AND NOVEMBER 2002, AUGUST 2003, AND JULY 2004.





[5]Specifically, appellant
contends in his second issue that the evidence is insufficient to prove the
first paragraph of the State=s first amended petition (alleging that he
possessed between four and two hundred grams of methamphetamine) because MDMA
is not methamphetamine or an adulterant or dilutant of methamphetamine.  He also asserts in his fourth issue that the
trial court improperly admitted hearsay testimony concerning the fourth and
fifth paragraphs of the petition (which regarded appellant=s failure to report to
his community supervision office) and that without such testimony, the evidence
is insufficient to prove those paragraphs= contentions. 
Because our discussion of these issues resolves them collectively, we
will analyze them together.





[6]Appellant asserts that
his Atrue@ plea was involuntary
because he received ineffective assistance of counsel.  We address this contention below.





[7]Appellant relies heavily
on Ex parte Moody, 991 S.W.2d 856 (Tex. Crim. App. 1999).  In Moody, the defendant=s trial counsel gave him
incorrect information about serving state and federal sentences concurrently,
which led to the defendant=s acceptance of a plea bargain.  Id. at 857.  The Texas Court of Criminal Appeals ruled
that this incorrect advice rendered the defendant=s guilty plea
invalid.  Id. at 858.  Appellant has cited no specific example of
similarly incorrect information given to him by his trial counsel in this case.