

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-08-020-CR**

ERIC MADDOX                                                APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

**Introduction**

Appellant Eric Maddox appeals his conviction for possessing while intending to deliver cocaine. *See* Tex. Health & Safety Code Ann. §§ 481.102(3)(D), 481.112(a) (Vernon 2003 & Supp. 2008). In four issues, he contends that the trial court's judgment is defective and its findings are unsupportable, that the trial court erred by admitting hearsay evidence, and that

---

[1] *See* Tex. R. App. P. 47.4.

he was denied effective assistance of counsel. We reform, and as reformed, affirm the trial court's judgment.

## Background Facts

In January 2001, a Tarrant County grand jury indicted appellant of possessing while intending to deliver between four and two hundred grams of cocaine (a first degree felony). *See id.* § 481.112(d). In September of that year, appellant pled guilty. In accordance with his plea, the trial court placed appellant on deferred adjudication community supervision for ten years.

In November 2007, the State filed a petition to proceed to the adjudication of appellant's cocaine offense. The next month, the State filed its first amended petition, alleging in five paragraphs that appellant violated the terms of his community supervision by possessing methamphetamine, testing positive for THC[2] and cocaine, and failing to report to his community supervision office in person and by mail on several monthly occasions. On January 10, 2008, the State filed a second amended petition, alleging these same facts and adding another assertion relating to marijuana possession.

---

[2] THC, or tetrahydrocannabinol, is an active ingredient of marijuana. *See Few v. State*, 588 S.W.2d 578, 581 (Tex. Crim. App. [Panel Op.] 1979); *Johnson v. State*, 633 S.W.2d 687, 691 (Tex. App.—Amarillo 1982, pet. ref'd).

2

On the day the State filed its second amended petition, the trial court conducted an evidentiary hearing on whether to adjudicate appellant guilty; however, the State proceeded on its first amended petition. At the hearing, the State called Rodney Knotts, a court officer with the Tarrant County Adult Probation Department. Based on records he brought with him,[3] Officer Knotts testified that the department informed appellant of the conditions of his community supervision, that appellant violated the conditions as alleged in the State's petition, and that appellant had been "sanctioned" through a brief stay in jail for these violations. The State then called a Plano police officer who testified that he discovered marijuana along with a substantial amount of pills in a locked glove box within appellant's vehicle. Finally, the State called a laboratory technician who stated that the pills found in appellant's vehicle tested positive for methamphetamine and methylenedioxymethamphetamine (MDMA), which are controlled substances.

The trial court found that four of the five allegations contained in the State's first amended petition were true. After appellant called two witnesses (his wife and his mother) on the issue of punishment and counsel presented

---

[3] Appellant objected to Officer Knotts's testimony about the information revealed by the probation department records on the ground of hearsay, and he complained that such testimony violated his right of confrontation. The trial court overruled these objections.

3

closing arguments, the trial court formally found appellant guilty and sentenced him to twenty years' confinement. Later that day, the trial court entered a judgment reflecting its decisions. The judgment referred to allegations contained in the State's second amended petition as the "grounds for revocation." Appellant filed notice of this appeal.

## Standard of Review

Our review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Allbright v. State*, 13 S.W.3d 817, 818 (Tex. App.—Fort Worth 2000, pet. ref'd); *see Oveal v. State*, No. 14-07-00755-CR, 2008 WL 5085405, at *2 (Tex. App.—Houston [14th Dist.] Nov. 25, 2008, no pet.) (mem. op., not designated for publication) (applying the abuse of discretion standard to the granting of a motion to adjudicate). An abuse of discretion occurs when the trial judge's decision is so wrong that it falls outside the zone within which reasonable persons might disagree. *Allbright*, 13 S.W.3d at 818.

## Defective Judgment

In his first issue, appellant contends that the judgment adjudicating his guilt is defective because it states that it is based on the State's second amended petition, while the State actually litigated its first amended petition.

4

Appellant asserts that the result of this error is that he was adjudicated on allegations of which "no evidence was presented and no argument was heard." The State concedes and we hold that the judgment adjudicating appellant's guilt errs by stating that the trial court adjudicated appellant under the State's second amended petition. However, the State contends that the error may be corrected by this court's modification of the trial court's judgment. We agree.

Appellate courts have the authority to correct and modify a trial court's judgment in order to make the record speak the truth. *See* Tex. R. App. P. 43.2(b); *Banks v. State*, 708 S.W.2d 460, 462 (Tex. Crim. App. 1986); *Nelson v. State*, 149 S.W.3d 206, 213 (Tex. App.—Fort Worth 2004, no pet.) (stating that an appellate court may correct and reform a judgment "to make the judgment congruent with the record"); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc) (explaining that "[a]ppellate courts have the power to reform whatever the trial court could have corrected by a judgment nunc pro tunc where the evidence necessary to correct the judgment appears in the record"). Such authority is not dependent upon a party's request or objection. *See Tyler v. State*, 137 S.W.3d 261, 267–68 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *Asberry*, 813 S.W.2d at 529–30.

Appellant has cited no authority holding that the incorrect recitation contained in the judgment adjudicating his guilt is reversible error or cannot be corrected as indicated by the authority cited above. Instead, he admits that the trial court heard evidence and made its determinations based on the State's first amended petition; the record demonstrates the same. For instance, at the hearing on the petition, appellant's counsel conferred with appellant, agreed to litigate the first amended petition, and announced ready. The trial court then read the allegations specifically contained in the first amended petition to appellant. Appellant pled "true"to testing positive for THC, and he pled "not true" to the remaining allegations. Closing arguments from appellant and the State concerned the allegations contained in the five paragraphs of the first amended petition.

Because the "truth" of the record is that the parties litigated the first amended petition and that the court considered that petition to find violations of paragraphs one, two, four, and five, we sustain appellant's first issue to the extent that we modify the judgment adjudicating guilt to reflect the proper grounds for revocation as stated in those paragraphs of that petition.[4] *See* Tex.

---

[4] Specifically, the judgment will reflect that the trial court found the following paragraphs of the State's first amended petition to be true:

1. The Defendant, ERIC MADDOX, was ordered by the Court to

6

commit no offense against the laws of this State or any other State or the United States. The Defendant violated this order on or about the 9th day of MAY, 2007, in the County of Collin, and State of Texas, by: THEN AND THERE INTENTIONALLY AND KNOWINGLY POSSESS, WITH INTENT TO DELIVER, A CONTROLLED SUBSTANCE, NAMELY: METHAMPHETAMINE, IN AN AMOUNT MORE THAN FOUR (4) GRAMS BUT LESS THAN TWO HUNDRED (200) GRAMS, BY AGGREGATE WEIGHT, INCLUDING ADULTERANTS AND DILUTANTS.

2. The Defendant, ERIC MADDOX, was ordered by the Court to avoid injurious or vicious habits and abstain from the illegal use of controlled substances, cannabinoids, marijuana or consumption of any alcoholic beverage. Further, the Defendant was ordered to submit to an assessment for substance abuse, and attend and complete treatment at the direction of the Supervision Officer. THE DEFENDANT VIOLATED THIS ORDER IN THAT ON OR ABOUT NOVEMBER 16, 2007, THE DEFENDANT TESTED POSITIVE THROUGH URINALYSIS FOR THC.

4. The Defendant, ERIC MADDOX, was ordered by the Court to continue to report to Tarrant County as directed each month, and if supervision of Defendant is transferred to another jurisdiction, the Defendant continue to report to Tarrant County as directed each month, and comply with the rules and regulations of the receiving jurisdiction. The Defendant is also ordered to pay fees to Tarrant County unless waived by the Court. THE DEFENDANT VIOLATED THIS ORDER IN THAT THE DEFENDANT FAILED TO REPORT IN PERSON TO COLLIN COUNTY THE MONTHS OF APRIL 2002 AND FEBRUARY 2003.

5. The Defendant, ERIC MADDOX, was ordered by the Court to continue to report to Tarrant County as directed each month, and if supervision of Defendant is transferred to another jurisdiction, the Defendant continue to report to Tarrant County as directed each month, and comply with the rules and regulations of the receiving jurisdiction. The Defendant is also ordered to pay fees to Tarrant

R. App. P. 43.2(b); *Banks,* 708 S.W.2d at 462.

## Evidentiary Sufficiency and Hearsay Objections

In his second and fourth issues, appellant asserts that the evidence presented at trial was insufficient to prove a violation of three paragraphs of the State's first amended petition.[5]

Sufficient evidence of one violation is adequate to affirm a trial court's order revoking community supervision. *See Watts v. State*, 645 S.W.2d 461, 463 (Tex. Crim. App. 1983) (declining to consider the sufficiency of evidence supporting one revocation ground when the judgment was supportable by another violation); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App.

---

County unless waived by the Court. THE DEFENDANT VIOLATED THIS ORDER IN THAT THE DEFENDANT FAILED TO REPORT BY MAIL TO TARRANT COUNTY THE MONTHS OF NOVEMBER AND DECEMBER 2001, JANUARY AND NOVEMBER 2002, AUGUST 2003, AND JULY 2004.

[5] Specifically, appellant contends in his second issue that the evidence is insufficient to prove the first paragraph of the State's first amended petition (alleging that he possessed between four and two hundred grams of methamphetamine) because MDMA is not methamphetamine or an adulterant or dilutant of methamphetamine. He also asserts in his fourth issue that the trial court improperly admitted hearsay testimony concerning the fourth and fifth paragraphs of the petition (which regarded appellant's failure to report to his community supervision office) and that without such testimony, the evidence is insufficient to prove those paragraphs' contentions. Because our discussion of these issues resolves them collectively, we will analyze them together.

[Panel Op.] 1980).  In other words, to overturn a revocation order, a defendant must successfully challenge each finding on which the revocation is based. *Harris v. State*, 160 S.W.3d 621, 626 (Tex. App.—Waco 2005, pet. struck); *Joseph v. State*, 3 S.W.3d 627, 640 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

Also, a "true" plea to any one of the alleged violations contained in a motion to proceed to adjudication is sufficient to support the trial court's order revoking community supervision.  *See Atchison v. State*, 124 S.W.3d 755, 758 n.4 (Tex. App.—Austin 2003, pet. ref'd); *Moore v. State*, 11 S.W.3d 495, 498 n.1 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *Wilkerson v. State*, 731 S.W.2d 752, 753 (Tex. App.—Fort Worth 1987, no pet.).  Once a "true" plea has been entered, a defendant may not challenge the sufficiency of the evidence to support the subsequent revocation.  *See Moore*, 11 S.W.3d at 498 n.1 (citing *Rincon v. State*, 615 S.W.2d 746, 747 (Tex. Crim. App. [Panel Op.] 1981)).

Here, appellant pled "true" to testing positive for THC.[6]  The trial court found that allegation to be true, and appellant has not challenged the trial court's finding in this regard.  Therefore, the trial court did not abuse its

---

[6] Appellant asserts that his "true" plea was involuntary because he received ineffective assistance of counsel.  We address this contention below.

9

discretion by adjudicating appellant guilty, and appellant's issues related to findings made and evidence presented on the other paragraphs of the State's petition are rendered immaterial. *See Watts*, 645 S.W.2d at 463; *Moore*, 11 S.W.3d at 498 n.1. Accordingly, we overrule appellant's second and fourth issues.

**Ineffective Assistance of Counsel**

In his third issue, appellant argues that his "true" plea was involuntary because he was denied effective assistance of counsel.

To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson*, 9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms

10

at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas*, 163 S.W.3d at 740; *Mallett*, 65 S.W.3d at 63. A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim. *Thompson*, 9 S.W.3d at 813–14. "In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions." *Salinas*, 163 S.W.3d at 740 (quoting *Mallett*, 65 S.W.3d at 63). To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* (quoting *Thompson*, 9 S.W.3d at 813).

The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair and reliable trial. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. In other words, appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* The ultimate focus of

11

our inquiry must be on the fundamental fairness of the proceeding in which the result is being challenged. *Id.* at 697, 104 S. Ct. at 2070. A defendant's plea is not voluntary when it results from ineffective assistance of counsel. *Ex parte Burns*, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980).

Appellant contends that the record demonstrates his trial counsel's lack of preparation to proceed on the State's first amended petition, which he claims leads to the inference that his counsel did not advise him of the effect of pleading "true." Alternatively, he asserts that even if his trial counsel did advise him of the effect of his "true" plea, no possible strategic advantage could have been gained through the plea.

Towards the beginning of the hearing on the State's petition, the following exchange occurred:

> [DEFENSE COUNSEL]: Your Honor, we had anticipated that -- going on the State's second amended petition of -- my client made a decision, based on my advice, to wait ten days to prepare for the second amended petition that we had notice of yesterday. My understanding is the Court is saying that we are going on the first amended petition.
>
> THE COURT: See, I'm glad that y'all had notice yesterday because it's news to me. The one I have set is the first amended petition. That's the one that we've had set.
>
> [DEFENSE COUNSEL]: That's correct, Your Honor. And based on my advice to my client, my client has -- had decided to not waive his ten days anticipating that the second amended petition would be the petition that we adjudicated. We are attempting to get all

12

of our witnesses here. They should be here today. I'm not sure exactly what time they will be here. They are all in Dallas County and Collin County, but we are working on getting them here. So, at this present time, we are not prepared, although we may be prepared a little later this morning or early this afternoon.

THE COURT: So, are you asking for ten days and you want a hearing on the first one, and he stays in custody until the hearing? I mean, because -- I mean, that's part of the problem is he's in jail pending this motion?

[DEFENSE COUNSEL]: That's correct.

THE COURT: And if you want your ten days and you withdraw your request for a bond, then that's fine. Do you want to go over and talk to him? Feel free to and talk to him. That's fine.

(Sotto voce discussion between the Defendant and Mr. Johnston.)

[DEFENSE COUNSEL]: We will proceed today, Your Honor, on the first amended petition.

THE COURT: Okay. Go ahead and put him up.

The context of this record indicates that appellant's counsel was not unprepared to proceed with litigating the State's first amended petition in the sense that he had either not discussed the petition with appellant or was unaware of its allegations, as appellant asserts in his brief. Rather, the lack of preparation expressed by counsel only concerned bringing planned witnesses to trial, and after a discussion with appellant, counsel believed he could proceed.

13

There is simply nothing in the record to support appellant's assertion that he and his trial counsel "had not discussed [his] pleas and their implications" or that appellant was not "informed of the nature of the proceeding." It is inappropriate for an appellate court to infer ineffective assistance based upon unclear portions of the record. *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

Next, even if appellant's trial counsel did not advise him of the effects of his pleas, the trial court did, as the following colloquy demonstrates:

> THE COURT: It goes on to say in Paragraph 2, that you violated that, on or about November 16th, 2007, by testing positive for THC. Is that true or not true?
>
> THE DEFENDANT: True, Your Honor.
>
> THE COURT: True?
>
> THE DEFENDANT: Yes, Your Honor.
>
> . . . .
>
> THE COURT: Okay. So, Paragraph 2, you understood that you didn't have to enter a plea of true, correct?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: You did enter a plea of true, right?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Is that of your own free will?

14

THE DEFENDANT: Yes, Your Honor.

THE COURT: And, you understand that if you enter a plea of true, the Court will be required to find that you violated that term and condition of probation?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Based just on your own statement, you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: By entering a plea of true, you are giving up your right to require the State to prove it to the Court. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: You are giving up your right to confront the witnesses on that specific allegation. Do you understand all that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And, do you still want to enter a plea of true to Paragraph 2?

(Sotto voce between defendant and Mr. Johnston.)

THE DEFENDANT: Yes, Your Honor.

THE COURT: Okay. Your pleas will be accepted.

When a defendant is properly admonished, and states that he is entering a plea freely and voluntarily, "this establishes a prima facie case that the plea was knowing and voluntary." *Mallett*, 65 S.W.3d at 64; *see Hawkins v. State*,

15

112 S.W.3d 340, 344 (Tex. App.—Corpus Christi 2003, no pet.) (holding that a "true" plea in a revocation of community supervision was knowing and voluntary because the trial court properly admonished the defendant).

Because the record is absent of any evidence indicating that appellant's trial counsel failed to explain the nature of the adjudication proceeding or the consequences of appellant's "true" plea, and because the trial court ensured that appellant understood the effect of his plea, we cannot agree that his counsel's representation fell below the standard of prevailing professional norms or that there is a reasonable probability that, but for his counsel's alleged deficiency, the result of the trial would have been different. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. Therefore, we cannot hold that appellant's trial counsel's representation was ineffective based on his preparation for the adjudication hearing or on the information he gave appellant.

Next, appellant contends that his trial counsel's representation was ineffective because there could be no strategic advantage for entering a "true" plea in a hearing to proceed to adjudication. In *Rice v. State*, the appellant contended that there could never be a viable trial strategy for entering a "true" plea in a revocation proceeding. No. 08-01-00449-CR, 2002 WL 1939117, at *2 (Tex. App.—El Paso Aug. 22, 2002, no pet.) (not designated for

16

publication).  The El Paso Court of Appeals rejected this contention, reasoning that

> the court retains discretion to deny the motion to revoke and continue the defendant on community supervision even when a violation of the court's order has been proven.  Therefore, a defendant may, as a matter of trial strategy, plead true to one relatively minor allegation, in an effort to demonstrate his sincerity, but argue that the court should exercise its discretion to leave him on community supervision.

*Id.* (citation omitted).  Further, a defendant's submission of an adverse plea may be part of a strategy to gain lenience from a judge or jury.  *See Boykin v. Alabama*, 395 U.S. 238, 240, 89 S. Ct. 1709, 1710 (1969); *Gardner v. State*, 164 S.W.3d 393, 399 (Tex. Crim. App. 2005).

The sparse record here does not indicate whether appellant relied or did not rely on one of the above strategies while entering his "true" plea, or whether he relied or did not rely on the advice of his trial counsel in doing so. That being the case, we hold that appellant has failed to satisfy his burden of demonstrating by a preponderance of the evidence that there was no plausible reason for his pleading "true" and that he has therefore failed to establish that his trial counsel was ineffective.[7]  *See Strickland*, 466 U.S. at 687, 104 S. Ct.

---

[7] Appellant relies heavily on *Ex parte Moody*, 991 S.W.2d 856 (Tex. Crim. App. 1999).  In *Moody*, the defendant's trial counsel gave him incorrect information about serving state and federal sentences concurrently, which led to the defendant's acceptance of a plea bargain.  *Id.* at 857.  The Texas Court

17

at 2064; *Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). We overrule appellant's third issue.

## Conclusion

Having sustained appellant's first issue and having overruled his remaining issues, we reform the trial court's judgment to incorporate the changes indicated above, and we affirm the trial court's judgment in all other respects.

TERRIE LIVINGSTON
JUSTICE

PANEL: CAYCE, C.J.; LIVINGSTON, and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 29, 2009

---

of Criminal Appeals ruled that this incorrect advice rendered the defendant's guilty plea invalid. *Id.* at 858. Appellant has cited no specific example of similarly incorrect information given to him by his trial counsel in this case.

18