ACCEPTED
12-15-00108-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
11/23/2015 7:00:37 PM
Pam Estes
CLERK

CAUSE NUMBER 12-15-00108-CR

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS
11/23/2015 7:00:37 PM
PAM ESTES
Clerk

IN THE COURT OF APPEALS FOR THE

TWELFTH APPELLATE DISTRICT OF TEXAS

AT TYLER

FILED
11/23/2015
Twelfth Court of Appeals
Pam Estes
Clerk

CHRISTOPHER RAY OLIVAREZ

VS.

THE STATE OF TEXAS

CAUSE NUMBER 30,380

IN THE 3RD JUDICIAL DISTRICT COURT

ANDERSON COUNTY, TEXAS

**APPELLANT'S BRIEF**

Colin D. McFall
Attorney at Law
513 North Church Street
Palestine, Texas 75801-2962
Telephone:  903-723-1923
Facsimile:  903-723-0269
Email:    cmcfall@mcfall-law-office.com
Counsel for Appellant

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to *Rule 38.1 (a)*, Texas Rules of Appellate Procedure, Appellant

provides a complete list of all parties and the names and addresses of Counsel:

Defendant                    Christopher Ray Olivarez
and Appellant:

Defendant's Trial            Colin D. McFall
and Appellate Counsel:       Attorney at Law
                             513 North Church Street
                             Palestine, Texas 75801-2965
                             Telephone:  903-723-1923
                             Facsimile:   903-723-0269

State's Trial                Scott Holden
and Appellate Counsel:       Anderson County District Attorney's Office
                             500 North Church Street, Suite 38
                             Palestine, Texas 75801
                             Telephone:  903-723-7400
                             Facsimile:   903-723-7818

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL.........................................................2

TABLE OF CONTENTS...........................................................................3

INDEX OF AUTHORITIES.......................................................................4

STATEMENT OF THE CASE......................................................................6

STATEMENT REGARDING ORAL ARGUMENT…….......................…..……10

ISSUE PRESENTED

      I.     THE APPELLATE COURT SHOULD ALLOW COUNSEL, UPON

           MAKING THE DETERMINATION THERE WAS NO ERROR IN

           THE TRIAL COURT, TO WITHDRAW AND APPELLANT

           ALLOWED A REASONABLE TIME TO FILE A PRO SE

           BRIEF……………………………......……………………..……....11

STATEMENT OF FACTS..........................................................................12

SUMMARY OF THE ARGUMENT…………………………….......….....…..14

ARGUMENT………………………………..….......……....……..........…....17

PRAYER....………………………………………………….........................21

CERTIFICATE OF COMPLIANCE….......……………………........……….…22

CERTIFICATE OF SERVICE……………………….....................……………23

# INDEX OF AUTHORITIES

<u>CASES</u>                                                                    <u>PAGE</u>

UNITED STATES

Anders v. California, 386 U.S. 738, 1967............................................20

TEXAS

Cardona v. State, 665 S.W.2d 492, 494 (Tex.Crim.App.1984)….....…......18

Cole v. State, 578 S.W.2d 127, 128 (Tex.Crim.App.[Panel Op.] 1979.......19

Harris v. State, 160 S.W.3d 621, 626 (Tex.App.-Waco 2005, no pet.).......18

Hays v. State, 933 S.W.2d 659, 661

    (Tex.App-San Antonio 1996, no pat.)........................................19

Jackson v. State, 680 S.W.2d 809,814 (Tex.Crim.App.1984)..................19

Jones v. State, 571 S.W.2d 191, 193–94

    (Tex.Crim.App. [Panel Op.] 1978)........................................18

Jones v. State, 589 S.W.2d 419, 421 (Tex.Crim.App.1979)….…....…....18

Leach v. State, 170 S.W.3d 669, 672

    (Tex.App.-Fort Worth 2005, pet. ref'd.)....................................18

Rickels v. State, 202 S.W.3d 759, 763 (Tex.Crim.App.2006.)…....…...17, 18

Sanchez v. State, 603 S.W.2d 869, 871 (Tex.Crim.App.1980)….....…....18

Watts v. State, 645 S.W.2d 461, 463 (Tex.Crim.App.1983)...................19

RULES AND STATUTES                                          PAGE

TEXAS CODE OF CRIMINAL PROCEDURE

Article 42.12, 5(b), Texas Code of Criminal Procedure….................17

TEXAS PENAL CODE

Section 12.33, Texas Penal Code….....................................…...19

TEXAS RULES OF APPELLATE PROCEDURE

Rule 9.4(i)(3), Texas Rules of Appellate Procedure..........................22

Rule 38.1(a), Texas Rules of Appellate Procedure…...............................2

Rule 38.1(e), Texas Rules of Appellate Procedure…...............................10

## STATEMENT OF THE CASE

On the 18th day of November 2010, an Anderson County Grand Jury returned a single count Indictment, charging Appellant with Burglary of a Habitation, a second-degree felony. (C.R., Vol. 1, Pg. 6).

On the 19th day of August 2011, Appellant plead guilty to the single count of Burglary of a Habitation. However, in exchange for his plea of Guilty, the Court deferred adjudicating guilt, and sentenced Appellant to eight (8) years of Deferred Adjudication Community Supervision.(C.R., Vol. 1, Pg. 24).

On the 12th day of July 2012, Appellee filed a Motion to Proceed with Adjudication of Guilt and Sentence.(C.R., Vol. 1, Pg. 39). On the 9th day of October 2012, Appellant, with the assistance of Counsel(C.R., Vol. 1, Pg. 58), waived a hearing on the Motion to Proceed with Adjudication of Guilt and Sentence, and agreed to a modification of Appellant's community supervision. (C.R., Vol. 1, Pg. 60). As a result of the modification, the Court dismissed the Motion to Proceed with Adjudication of Guilt and Sentence.(C.R., Vol. 1, Pg. 62).

On the 25th day of February 2013, Appellee filed a Motion to Proceed with Adjudication of Guilt and Sentence.(C.R., Vol. 1, Pg. 67). Once again, with the assistance of Counsel(C.R., Vol. 1, Pg. 74), waived a hearing on the Motion to

11-23-2015

Proceed with Adjudication of Guilt and Sentence, and agreed to a modification of Appellant's community supervision.(C.R., Vol. 1, Pg. 79). In exchange for the agreed modification, the Court dismissed the Motion to Proceed with Adjudication of Guilt and Sentence. (C.R., Vol. 1, Pg. 85).

On the 3rd day of March 2014, the Court again modified Appellant's conditions of Community Supervision (C.R., Vol. 1, Pg. 920).

On the 28th day of July 2014, Appellee filed yet another Motion to Proceed with Adjudication of Guilt and Sentence (C.R., Vol. 1, Pg. 94), and then filed a State's First Amended Motion to Proceed with Adjudication of Guilt and Sentence, on the 27th day of August 2014. (C.R., Vol. 1, Pg. 102).

On the 17th day of March 2015, the Trial Court heard the State's First Amended Motion to Proceed with Adjudication of Guilt and Sentence (R.R., Vol. 3, Pg. 46, L. 13). The Trial Court confirmed Appellant was the same individual presently on probation in cause number 30,380.(R.R., Vol. 3, Pg. 47, L. 8). Appellant then waived the reading of the State's First Amended Motion to Proceed with Adjudication of Guilt and Sentence(R.R., Vol. 3, Pg. 47, L. 14) and plead true to the allegations contained therein.(R.R., Vol. 3, Pg. 47, L. 19). An allegation of the State's First Amended Motion to Proceed with Adjudication of Guilt and

Sentence was Manufacture or Delivery of Substance In Penalty Group I, one gram or more but less than four grams, on or about the 5th day of July 2014. (C.R., Vol. 1, Pg. 102).

Over the next two days, the trial court heard testimony in Appellant's Jury Trial, in Cause Number 31,900 (12-15-00107-CR on appeal). Appellant presented his mother as a witness, Adelfa Arzola (R.R., Vol. 3, Pg. 173, L. 8). Both the Appellee (R.R., Vol. 4, Pg. 86, L. 18) and Appellant (R.R., Vol. 4, Pg. 86, L. 24) requested the trial court take judicial notice of the testimony presented in the jury trial and consider said testimony in the Sentencing Hearing on the State's First Amended Motion to Proceed with Adjudication of Guilt and Sentence.

On the 18th day of March 2015, the Court sentence Appellant to twenty (20) years confinement within the Institutional Division of the Texas Department of Criminal Justice. (R.R., Vol. 4, Pg. 88, L. 9).

On the 18th day of March, Appellant filed the Trial Court's Certificate of Defendant's Right of Appeal. (C.R., Vol. 1, Pg. 116).

On the 17th day of April 2015, Appellant filed a Notice of Appeal. (C.R., Vol. 1, Pg. 133), Request for the Clerk's Record and Designation of Matters for Inclusion (C.R., Vol. 1, Pg. 123), Request for the Reporter's Record (C.R., Vol. 1,

Pg. 121), Defendant's Motion for New Trial (C.R., Vol. 1, Pg.127), and Appellant

filed Defendant's Motion for a Free Reporter's Record on Appeal (C.R., Vol. 1, Pg.

130).

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to *Rule 38.1 (e)*, Texas Rules of Appellate Procedure, Appellant

provides the following Statement Regarding Oral Argument

Appellant does not request Oral Argument.

## ISSUE PRESENTED

THE APPELLATE COURT SHOULD ALLOW COUNSEL, UPON MAKING THE DETERMINATION THERE WAS NO ERROR IN THE TRIAL COURT, TO WITHDRAW AND APPELLANT ALLOWED A REASONABLE TIME TO FILE A PRO SE BRIEF.

11-23-2015

## STATEMENT OF FACTS

On or about the 5th day of July 2014 (R.R., Vol. 3, Pg. 127, L. 4), Corporal Ricki Baker (R.R., Vol. 3, Pg. 125, L. 9) and Officer Justin Blanks (R.R., Vol. 3, Pg. 129, L. 15) of the Palestine Police Department (R.R., Vol. 3, Pg. 125, L. 9), received information from a confidential informant that he would be traveling eastbound on Palestine Avenue towards Executive Inn & Suites in a gray Pontiac G6 with Appellant as the passenger (R.R., Vol. 3, Pg. 128, L. 6), who would be transporting methamphetamine (R.R., Vol. 4, Pg. 5, L. 11) and have a shotgun with him. (R.R., Vol. 3, Pg. 148, L. 5).

Corporal Ricki Baker and Officer Justin Blanks observed the grey Pontiac G6 traveling eastbound on East Palestine Avenue and pulled in behind the vehicle (R.R., Vol. 3, Pg. 130, L. 24) and performed a traffic stop (R.R., Vol. 3, Pg. 132, L. 23) on a Pontiac G6 (R.R., Vol. 3, Pg. 131, L. 17) upon observing no rear license plate (R.R., Vol. 3, Pg. 130, L. 24). The vehicle was driven by Marcus Howard (R.R., Vol. 3, Pg. 131, L. 17). Appellant was the passenger in the vehicle. (R.R., Vol. 3, Pg. 135, L. 5). On approach, Corporal Ricki Baker observed a full size shotgun (R.R., Vol. 3, Pg. 135, L. 7) in the vehicle. Officers immediately detained (R.R., Vol. 3, Pg. 136, L. 15) both occupants of the vehicle. Corporal Ricki Baker

requested and received consent to search the vehicle from Marcus Howard. (R.R., Vol. 3, Pg. 137, L. 6). A digital scale (R.R., Vol. 3, Pg. 138, L. 20) was found in a tool bag (R.R., Vol. 3, Pg. 137, L. 11) in the passenger side (R.R., Vol. 3, Pg. 137, L. 9) floorboard (R.R., Vol. 3, Pg. 137, L. 11), and two bags of marijuana and one bag of methamphetamine, weighing approximately four grams (R.R., Vol. 4, Pg. 16, L. 13), were found in the glove compartment.(R.R., Vol. 3, Pg. 138, L. 15). Appellant claimed the tool bag with the scale inside.(R.R., Vol. 3, Pg. 148, L. 9), but denied knowledge of the narcotics(R.R., Vol. 3, Pg. 150, L. 10).

## SUMMARY OF THE ARGUMENT

THE APPELLATE COURT SHOULD ALLOW

COUNSEL, UPON MAKING THE DETERMINATION

THERE WAS NO ERROR IN THE TRIAL COURT, TO

WITHDRAW AND APPELLANT ALLOWED A

REASONABLE TIME TO FILE A PRO SE BRIEF.

Counsel has undertaken a conscientious examination of the record and is unable to identify an arguable basis for appeal.

A Trial Court's determination to proceed with an adjudication of guilt is reviewable in the same manner as a revocation hearing. Appellate review of an Order adjudicating guilt and revoking community supervision is limited to determining whether the Trial Court abused its discretion. The trial court abuses its discretion in revoking community supervision if, as to every ground alleged, the State fails to meet its burden of proof.

An Order adjudicating guilt and revoking community supervision must be supported by a preponderance of the evidence, meaning the greater weight of the credible evidence, which would create a reasonable belief that the Defendant has violated a condition of community supervision. In determining the sufficiency of

the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling.

A finding of a single violation of community supervision is sufficient to support revocation. Thus, in order to prevail, an Appellant must successfully challenge all the findings that support the revocation order.

A plea of true to even one of the State's allegations is sufficient to support a revocation of deferred adjudication community supervision. When Appellant pleas true, the sufficiency of the evidence to support the revocation may not be challenged.

For the above stated reasons, an appeal, based upon an argument that the Trial Court abused its discretion in finding the alleged allegations true and adjudicating Appellant guilty, is frivolous.

Furthermore, the court assessed punishment within the range authorized by the legislature for a Second Degree Felony. Generally, the Appellate Court will not disturb a penalty assessed within the range of punishment

For the above stated reasons, an appeal, based upon the argument that the Trial Court abused its discretion in sentencing Appellant, is frivolous.

Counsel has made a full and careful review of all matters in the instant cause

and cannot find any reasonable point of error to legitimately raise for purposes of appeal. As a result, Counsel has filed the instant Anders Brief.

## ARGUMENT

## THE APPELLATE COURT SHOULD ALLOW COUNSEL, UPON MAKING THE DETERMINATION THERE WAS NO ERROR IN THE TRIAL COURT, TO WITHDRAW AND APPELLANT ALLOWED A REASONABLE TIME TO FILE A PRO SE BRIEF.

Counsel has undertaken a conscientious examination of the Reporter's Record and the Clerk's Record. Counsel is unable to identify an arguable basis for appeal.

A Trial Court's determination to proceed with an adjudication of guilt is reviewable in the same manner as a revocation hearing. *See Article 42.12, 5(b),* Texas Code of Criminal Procedure Appellate review of an Order adjudicating guilt and revoking community supervision is limited to determining whether the Trial Court abused its discretion. *See Rickels v. State,* 202 S.W.3d 759, 763 (Tex.Crim.App.2006). In determining questions concerning sufficiency of the evidence in revocation cases, the burden of proof is by a preponderance of the evidence. *Id.* An Order adjudicating guilt and revoking community supervision must be supported by a preponderance of the evidence, meaning the greater weight

of the credible evidence which would create a reasonable belief that the Defendant has violated a condition of community supervision.*Id.* at 763–64. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling.*Jones v. State,* 589 S.W.2d 419, 421 (Tex. Crim. App. 1979).

In the instant appeal, a Jury found Appellantguilty, after he plead guilty, to the same offense, alleged in theState's First Amended Motion to Proceed with Adjudication of Guilt and Sentence.

A finding of a single violation of community supervision is sufficient to support revocation.*See Sanchez v. State,* 603 S.W.2d 869, 871 (Tex.Crim.App.1980); *Leach v. State,* 170 S.W.3d 669, 672 (Tex.App.-Fort Worth 2005, pet. ref'd.). The trial court abuses its discretion in revoking community supervision if, as to every ground alleged, the State fails to meetits burden of proof. *Cardona v. State,* 665 S.W.2d 492, 494 (Tex.Crim.App.1984). Thus, in order to prevail, an Appellant must successfully challenge all the findings that support the revocation order. *See Jones v. State,* 571 S.W.2d 191, 193–94 (Tex.Crim.App. [Panel Op.] 1978); *Harris v. State,* 160 S.W.3d 621, 626 (Tex.App.-Waco 2005, no pet.).

A plea of true to even one of the State's allegations is sufficient to support a revocation of deferred adjudication community supervision. *See Watts v. State,* 645 S.W.2d 461, 463 (Tex.Crim.App.1983). When Appellant pleas true, the sufficiency of the evidence to support the revocation may not be challenged. *Cole v. State,* 578 S.W.2d 127, 128 (Tex.Crim.App.[Panel Op.] 1979; *Hays v. State,* 933 S.W.2d 659, 661 (Tex.App-San Antonio 1996, no pat.).

Appellant plead true to the allegations contained within the State's First Amended Motion to Proceed with Adjudication of Guilt and Sentence.

For the above stated reasons, an appeal, based upon an argument that the Trial Court abused its discretion in finding the alleged allegations true and adjudicating Appellant guilty, is frivolous.

Furthermore, the court assessed punishment within the range authorized by the legislature for a Second Degree Felony. *Section 12.33,* Texas Penal Code. Generally, the Appellate Court will not disturb a penalty assessed within the range of punishment. *Jackson v. State,* 680 S.W.2d 809, 814 (Tex.Crim.App.1984).

For the above stated reasons, an appeal, based upon the argument that the Trial Court abused its discretion in sentencing Appellant, is frivolous.

Counsel has made a full and careful review of all matters in the instant cause

and cannot find any reasonable point of error to legitimately raise for purposes of appeal. As a result, Counsel has filed the instant Anders Brief. *Anders v. California,* 386 U.S. 738, 1967.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Counsel prays the Court accept the instant Anders Brief, grant Counsel's Motion to Withdraw, and allow Appellant a reasonable amount of time to file a Pro Se Brief.

## CERTIFICATE OF COMPLIANCE

I, Colin D. McFall, Attorney of Record for the above styled Appellant, pursuant to *Rule 9.4(i)(3)*, Texas Rules of Appellate Procedure, hereby certify the number of words within Appellant's Brief at two thousand seven hundred thirty (2,730).

## CERTIFICATE OF SERVICE

I, Colin D. McFall, Appellate Attorney of Record for the above styled Appellant, hereby certify service of a true and correct copy of the above and foregoing document, with an explanation that he is entitled,to review the record, and, if he so feels fit, to file a Pro Se Brief on his own behalf, at Hutchins Unit, 1500 East Langdon Road, Dallas, Texas 75241,by first class mail, on the 23rd day of November 2014.

Counsel also certifies service of a true and correct copy of the above and foregoing document upon Scott Holden, First Assistant, Anderson County Criminal District Attorney, by email delivery, to sholden@co.anderson.tx.us, on the 23rd day of November 2015.

RESPECTFULLY SUBMITTED,

COLIN D. MCFALL
Assistant Criminal District Attorney
Texas Bar Number:        24027498

Anderson County Courthouse
500 North Church Street, Suite 38
Palestine, Texas 75801
Telephone:  903-723-7400
Facsimile:  903-723-7818