**Opinion issued March 19, 2026.**



In the

# Court of Appeals

for the

# First District of Texas

_____

## NO. 01-24-00486-CR

_____

**RAYMOND PHILIP MILLIGAN, Appellant**

**v.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 506th District Court**
**Waller County, Texas**
**Trial Court Case No. 21-10-17794**

---

**MEMORANDUM OPINION**

Appellant Raymond Philip Milligan voluntarily entered an open plea of guilty to three counts of sexual assault of a child. TEX. PENAL CODE § 22.011(a)(2). Following appellant's plea, the trial court held a sentencing hearing and sentenced appellant to five years' imprisonment. In his two issues, appellant challenges the

trial court's assessment of punishment. We overrule appellant's first issue, in which he contends the trial court failed to consider a concededly inapplicable affirmative defense, because, assuming without deciding that appellant preserved the issue for our review, we hold that the trial court did not abuse its discretion when sentencing appellant to five years' imprisonment. We overrule appellant's second issue, in which he challenges statements made by the State during the sentencing hearing, because appellant failed to complain in the trial court and preserve that issue for appellate review. We affirm the trial court's judgment.

## Background

On October 14, 2021, appellant was charged by indictment with six counts of sexual assault of a child. On November 16, 2023, appellant entered an open plea of guilty to three counts of sexual assault of a child. At the time of each offense, appellant was 18 years old, and complainant was 14 years old. Appellant is approximately four years and nine months older than complainant. Appellant waived his right to appeal except as to punishment, and the trial court certified appellant's right of appeal as to punishment.

On May 29, 2024, the trial court held a sentencing hearing. Counsel for the State and appellant made opening statements. In his opening statement, counsel for the State stated that appellant met complainant when she was 14 years old and had sex with her. He further stated: "The police were called, they responded to the crime,

2

talked to [appellant] and said, 'This is serious, don't let it happen again.'" Appellant's counsel argued in his opening statement that appellant and complainant's age gap was "about nine months" away from an "affirmative Romeo and Juliet defense."

During the hearing, the State called complainant, who testified that appellant knew her age before he had sex with her because he had attended her fourteenth birthday party. She testified that he was concerned about her age because he did not want others to know of their relationship. She testified that he appeared "worried about getting caught" when they were together and that their sexual relationship had already been discovered once before. At the conclusion of the hearing, the trial court assessed punishment at five years' imprisonment. Appellant timely filed a notice of appeal.

### "Mistake of Law" Defense

In his first issue, appellant contends that the trial court failed to consider or understand an affirmative defense that he recognizes is inapplicable. Under Texas law, it is an affirmative defense to the offense of sexual assault of a child that, among the other essential elements of the affirmative defense, "the actor was not more than three years older than the victim." TEX. PENAL CODE § 22.011(e)(2). Although appellant concedes that he is more than three years older than complainant, he contends that he believed a larger age gap applied and that the trial court failed to

consider his "mistake of law" when sentencing him. He also contends that the trial court misstated the law by implying that the affirmative defense cannot apply when the complainant is 14 years old.

Although neither party raised the issue, we first consider whether appellant preserved this issue for our review. *See Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009) (noting that courts of appeals must "take up error preservation as a threshold issue" even if "neither party raised the issue"). A party properly preserves his complaint for appellate review by making a timely and specific request, objection, or motion in the trial court. TEX. R. APP. P. 33.1(a). Generally, a criminal defendant must timely object in the trial court to preserve a complaint for appellate review. *Pearson v. State*, 994 S.W.2d 176, 179 (Tex. Crim. App. 1999). "The failure to specifically object to an alleged disproportionate sentence in the trial court or in a post-trial motion waives any error." *Jacoby v. State*, 227 S.W.3d 128, 130 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (citing *Nicholas v. State*, 56 S.W.3d 760, 768 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd); *Steadman v. State*, 31 S.W.3d 738, 742 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd); *Solis v. State*, 945 S.W.2d 300, 301 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd)); *see Harris v. State*, 364 S.W.3d 328, 337-38 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (holding that appellant failed to preserve judicial-vindictiveness complaint by failing to object when sentence was imposed or in motion for new trial); *Montalvo v. State*,

No. 2-07-124-CR, 2007 WL 2963772, at *1 (Tex. App.—Fort Worth Oct. 11, 2007, no pet.) (mem. op., not designated for publication) (holding that, by failing to object to sentence, appellant failed to preserve complaint for appellate review that trial court abused its discretion in sentencing him to seven years' imprisonment because he was elderly and in poor health). This general preservation-of-error rule applies even to appellate complaints that a criminal defendant's sentence violates the Eighth Amendment's prohibition against cruel and unusual punishments. *E.g.*, *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *Wynn v. State*, 219 S.W.3d 54, 61 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). Although appellant's challenge is non-constitutional, it is analogous to an Eighth Amendment complaint: appellant believes his sentence is disproportionate to the offense in light of the relative age difference between him and complainant. *See Perez v. State*, 280 S.W.3d 886, 886-87 (Tex. App.—Amarillo 2009, no pet.) (holding that appellant failed to preserve argument that sentence was "grossly disproportionate to the offense" by failing to object). To preserve this complaint for our review, appellant was required to object to his sentence before the trial court. Because he failed to do so, this issue was not properly preserved.

However, assuming without deciding that this issue was preserved, we conclude that the trial court did not abuse its discretion in sentencing appellant to five years' imprisonment. *See Lamerand v. State*, 540 S.W.3d 252, 257 (Tex. App.—

5

Houston [1st Dist.] 2018, pet. ref'd) (assuming, without deciding, that appellant preserved error of inadmissible hearsay and concluding error was harmless); *see also Meadoux v. State*, 325 S.W.3d 189, 193 n.5 (Tex. Crim. App. 2010) (noting that court of appeals may affirm judgment without addressing error preservation but may not reverse judgment without addressing error preservation); *Butler v. State*, 872 S.W.2d 227, 236 (Tex. Crim. App. 1994) (addressing unpreserved argument in interest of justice). A trial court's assessment of punishment is reviewed for abuse of discretion. *Jackson v. State*, 562 S.W.3d 717, 722 (Tex. App.—Amarillo 2018, no pet.) (citing *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); *Moore v. State*, No. 11-13-00050-CR, 2014 WL 6997620, at *2 (Tex. App.—Eastland Dec. 11, 2014, no pet.) (mem. op., not designated for publication)). Except in the rare case of a meritorious Eighth Amendment gross-proportionality challenge, "punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal." *Ex parte Chavez*, 213 S.W.3d 320, 324 (Tex. Crim. App. 2006) (citation modified).

Here, appellant pled guilty to three counts of sexual assault of a child, a second-degree felony punishable by two to twenty years in prison. TEX. PENAL CODE § 22.011(f); *see id.* § 12.33(a) (prescribing punishment for second-degree felony). The trial court assessed appellant's punishment at five years' imprisonment, the lower end of the legislatively prescribed range. Nonetheless, appellant persists in

arguing that the trial court purportedly misunderstood that the fact that the complainant was 14 years old, as complainant was at the time of the offense, does not preclude application of the affirmative defense that the "actor was not more than three years older than the victim." TEX. PENAL CODE § 22.011(e)(2). Appellant concedes he is more than three years older than complainant. Moreover, appellant's purported belief that the law allowed a larger age difference is not a valid mistake-of-law defense.[1] *See id.* § 8.03(a) ("It is no defense to prosecution that the actor was ignorant of the provisions of any law after the law has taken effect."). Regardless of whether the trial court misunderstood one aspect of the defense's application, the trial court does not abuse its discretion by failing to consider a concededly inapplicable affirmative defense when sentencing a defendant. *See Watts v. State*, 645 S.W.2d 461, 463 (Tex. Crim. App. [Panel Op.] 1983) (holding that trial court did not abuse its discretion to revoke probation and impose sentence where appellant failed to prove affirmative defense); *cf. Jackson*, 562 S.W.3d at 722-23 (holding that trial court did not abuse its discretion by sentencing appellant to prison instead of community supervision, despite argument that community supervision would better

---

[1] The trial court heard testimony during the sentencing hearing that casts doubt on appellant's purported belief. Complainant testified that appellant appeared concerned about her age because he did not want others to know of their relationship. She also testified that he appeared "worried about getting caught" when they were together and that their sexual relationship had already been discovered once before.

address appellant's substance abuse); *Laboriel-Guity v. State*, 336 S.W.3d 754, 757 (Tex. App.—Fort Worth 2011, pet. ref'd) (rejecting argument that trial court abuses its discretion by failing to consider appellant's "remorse and acceptance of responsibility").

We overrule appellant's first issue.

### Opening Statements and Closing Arguments

In his second issue, appellant contends that the trial court erred by relying on statements made by the prosecutor in his opening statement and closing argument that were not supported by the evidence. In his opening statement, the prosecutor stated, "The police were called, they responded to the crime, talked to the Defendant and said, 'This is serious, don't let it happen again.' If it stopped there, it would be a completely different case, but it didn't." In his closing argument, he stated, "He was told not to see her, and he had her sneak out . . . ." Appellant challenges both statements. As the State points out, appellant did not object to either statement in the trial court, let alone do so timely and specifically. *See* TEX. R. APP. P. 33.1(a)(1)(A) (requiring complaint to be made "timely" and "with sufficient specificity" to the trial court to preserve error). Accordingly, this issue is not preserved for our review. *Id.*; *see, e.g.*, *Estrada v. State*, 313 S.W.3d 274, 302-03 (Tex. Crim. App. 2010) (holding that any challenge to statements in opening or closing was not preserved where appellant failed to object or move for mistrial); *Thierry v. State*, 288 S.W.3d 80,

84-85 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (holding that challenge to opening statement was not preserved where appellant failed to obtain ruling on objection or object to trial court's failure to rule).

We overrule appellant's second issue.

## Conclusion

We affirm the judgment of the trial court.

Amparo "Amy" Guerra
Justice

Panel consists of Chief Justice Adams and Justices Guerra and Guiney.

Do not publish. TEX. R. APP. P. 47.2(b).